Frank SCHONFELD, Individually and on behalf of all other members of Local Union 1011, Brotherhood of Painters, Decorators and Paperhangers of America, similarly situated, Plaintiff,

v.

W. Willard WIRTZ, Secretary of Labor of the United States of America, Defendant.

No. 66 Civ. 558.

United States District Court
S. D. New York.

Sept. 16, 1966.

Burton H. Hall, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for defendant; Arthur S. Olick, Asst. U. S. Atty., of counsel.

## OPINION

McLEAN, District Judge.

This is an action by a member of a local union to compel the Secretary of Labor to institute suit under 29 U.S.C. § 482 to set aside a union election. Defendant moves under Rule 12(b) to dismiss the action on the grounds that the court lacks jurisdiction of the subject matter and that the complaint fails to state a claim. The allegations of the complaint, which must be taken as true for the purposes of this motion, may be summarized as follows:

Plaintiff was a candidate for the office of Chairman of the Local in an election held on June 18, 1965. He lost by a margin of 35 votes. He was also a candidate for the office of Council Delegate. For that office he received 186 votes, which was 11 votes short of the number necessary for election.

Prior to the election, the union officers provided plaintiff's opponents with an accurate and up-to-date list of union members, but they furnished plaintiff only with an inaccurate and out-of-date list which contained erroneous addresses for more than 70 members. The union refused plaintiff's request, made within thirty days prior to the election, to inspect a current membership list. As a result, plaintiff's campaign literature failed to reach at least 70 members who did have the benefit of his opponent's campaign literature. Furthermore, the union allowed more than 35 "membership books to accumulate in the possession of the Financial Secretary of the Local," thereby enabling the Financial Secretary "to cause improper and illegal votes to be cast."

Plaintiff exhausted his union remedies without success. He thereupon complained to the Secretary of Labor within the time prescribed in 29 U.S.C. § 482. The Secretary investigated and "found probable cause to believe that a violation of Section 401 of the Act, 29 U.S.C. 481, had occurred and had not been remedied." Nevertheless, the Secretary refused to sue, in reliance upon one of his regulations, 29 C.F.R. § 452.16, which provides that the Secretary will not sue "unless he finds probable cause to believe that they [the violations] 'may have affected the outcome of an election'."

The relief asked is that the court declare this regulation invalid and that it issue an injunction ordering the Secretary to sue.

Two questions are presented by this action and this motion: (1) does the Secretary of Labor have discretion under 29 U.S.C. § 482 to refuse to sue, once he has found probable cause to believe that a violation has occurred; (2) if so, does this court have jurisdiction to review that discretion.

The first question is one of construction of the statute. The pertinent language of Section 482 is:

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and and has not been remedied, he shall,

within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election * * *."

Subdivision (c) of Section 482 provides:

"(c) If, upon a preponderance of the evidence after a trial upon the merits, the court finds—

* * * * * *

(2) that the violation of section 481 of this title may have affected the outcome of an election,

the court shall declare the election * * * to be void * * *."

Plaintiff claims that once the Secretary has found probable cause to believe that a violation has occurred, he has a "ministerial duty" to institute suit. This contention finds some support in the literal language of the statute. Section 482(b) says that if the Secretary has made this finding, he "shall" bring an action. The section does not expressly confer discretion upon the Secretary to refrain from suit under such circumstances. Literally, the section leaves to the Secretary only the question as to whether a violation has probably occurred. The statute is silent as to whether the Secretary must also find that the outcome of the election was probably affected by the violation.

■ But the literal language does not necessarily control.[1]

■ "It is within the power of the courts to declare that a thing which is within the letter of a statute is not governed by the statute because not within its spirit or the intention of

its makers." Pembroke Realty & Securities Corp. v. C.I.R., 122 F.2d 252, 255 (2d Cir. 1941). See also United States v. American Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); Federal Trade Com'n v. Tuttle, 244 F.2d 605, 615 (2d Cir. 1957), cert. denied, 354 U.S. 925, 77 S.Ct. 1379, 1 L.Ed.2d 1436 (1957).

The legislative history on this point is sparse, but such as there is contradicts plaintiff's contention. The Senate Report stated:

"Since an election is not to be set aside for technical violations but only if there is reason to believe that the violation has probably affected the outcome of the election, the Secretary would not file a complaint unless there were also probable cause to believe that this condition was satisfied." Senate Report No. 187, 86th Cong., 1st Sess., 1959, in 2 U.S. Code Congressional and Administrative News, p. 2337.

The Supreme Court, in a dictum, has treated Section 482(b) as though the operative word were "may" instead of "shall." In Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L. Ed.2d 190 (1964), the Court said:

"Upon complaint the Secretary investigates and if he finds probable cause to believe that Title IV has been violated, he may file suit in the appropriate district court. It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest."

Several district courts have necessarily reached the same result by dismissing actions such as this. Altman v. Wirtz, 50 CCH Lab.Cas. ¶ 19,211 (D.D.C.1964);

---

1. It may be noted that subdivision (c) of Section 482, which defines the role of the court in an action brought by the Secretary to set aside an election, if read literally, would seem to leave to the court only the question of the effect of the violation. The section says that the court shall set aside the election if it finds that "the violation * * * may have affected the outcome of an election." Yet it can hardly be doubted, despite this language, that in such an action the court has the power, and indeed the duty, to decide, not merely the effect of a violation, but whether a violation in fact occurred.

708

Aguirre v. United Automobile Workers, unreported (S.D.Cal.1965); Katrinic v. Wirtz, 4 CCH Lab.L.Rep. ¶ 11,289 (D. D.C.1966).

■ In my opinion, the fundamental purpose of the statute overrides the rather inept literal language. If Congress intended, as the Supreme Court has said it did, to "utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest," it makes no sense to say that the Secretary must sue for every violation, even though he believes that the suit would be futile because the violation could not have affected the outcome. I hold, therefore, that Section 482(b) confers discretion upon the Secretary to determine both the probable violation and its probable effect.

■ This brings us to the second question. Does this court have power to review that discretion? The power, if it exists, must be found in the Administrative Procedure Act, 5 U.S.C. § 1009, which applies to regulations issued by the Secretary under this statute, and to "adjudications" made by him thereunder. 29 U.S.C. § 526.

5 U.S.C. § 1009, as far as pertinent, provides:

"Except so far as * * * agency action is by law committed to agency discretion—

\* \* \* \* \* \*

(e) [The reviewing court shall] * * * set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law * * *."

The court is thus faced with the apparently insoluble conundrum presented by this language, which seems to say that the court may find administrative action to be an abuse of discretion except where the administrative agency has discretion, in which event it may not. In Cappadora v. Celebrezze, 356 F.2d 1, 5–6 (2d Cir. 1966), the Court of Appeals solved this riddle in this fashion:

"The question is whether the Secretary * * * enjoys absolute discretion—whether such a decision is totally committed to the judgment of the agency because of the practical requirements of the task to be performed, absence of available standards against which to measure the administrative action, or even the fact that no useful purpose could be served by judicial review."

There is nothing in the Act to indicate that the Secretary has "absolute discretion" or that decision is "totally committed" to his judgment. Assuming plaintiff's allegations to be true, it is hard to see how the Secretary could have concluded that probable violations of the Act which prevented plaintiff from communicating with over 70 voters could not have affected the outcome of elections which he lost by 35 and by 11 votes respectively. On the face of the complaint, the Secretary's decision seems arbitrary.

If this court may not review that decision, plaintiff is left without a remedy. This fact distinguishes the present case from cases holding that the decision of a prosecutor not to prosecute may not be reviewed. See e. g., Goldberg v. Hoffman, 225 F.2d 463 (7th Cir. 1955); Moses v. Kennedy, 219 F.Supp. 762 (D.D.C. 1963).

No case directly in point has been found. But recent decisions in this circuit with regard to other statutes indicate a growing trend in favor of judicial review of discretionary administrative action under the Administrative Procedure Act. See e. g. Cappadora v. Celebrezze, supra; Toilet Goods Ass'n v. Gardner, 360 F.2d 677 (2d Cir. 1966); Jaffe, Judicial Control of Administrative Action, 375 (1965).

■ "Absent any evidence to the contrary, Congress may rather be presumed to have intended that the courts should fulfill their traditional role of defining and maintaining the proper bounds of administrative discretion and safeguarding the rights of

709

the individual. " Cappadora v. Cele-
brezze, 356 F.2d 1, 6 (2d Cir. 1966).

 In my opinion the complaint
states a claim which this court has
jurisdiction to entertain. Plaintiff is
entitled to an opportunity to prove his
allegations at a trial.

Motion denied.

So ordered.