Estel CASEY, Plaintiff,

v.

Wilbur J. COHEN, Secretary Health, Education & Welfare, Defendant.

Civ. A. No. 68–C–57–A.

United States District Court
W. D. Virginia,
Abingdon Division.

Dec. 21, 1968.

Robert T. Winston,. Jr., Norton, Va., for plaintiff.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The plaintiff, Estel Casey, has brought this action under the Social Security Act, § 205(g), 42 U.S.C.A. § 405(g), requesting a review and reversal of a decision of the Secretary of Health, Education and Welfare which denied disability insurance benefits to the plaintiff. The Secretary has ruled that the issues raised by the plaintiff in this proceeding are res judicata by reason of previous decisions of the Secretary, and he now moves for summary judgment.

The record discloses that three previous applications have been filed by the plaintiff involving facts and issues similar to those presented by his. fourth application. When these previous claims were denied by the Secretary, the plaintiff did not exhaust his administrative remedies nor did he seek judicial review as provided in 42 U.S.C.A. § 405. Under these circumstances, considered more fully below, judicial review by this court of the decision of the Secretary is virtually foreclosed.

Estel Casey, the claimant, who is forty-four years of age, has not worked for any appreciable period of time since 1955. He alleges that he is unable to work because, in his words, "My stomach is all the time soured and my head hurts me and there's mucus forming in my lungs and I can't stand on my feet my nerves are so bad." Medical reports on the claimant's condition between 1954 and 1960 disclose a variety of physical ailments including sinusitis, arthritis and chronic ethmoiditus. However, the chief cause of the claimant's distress appears to be a psychogenic nervous disorder, which has been diagnosed in various ways: "Psychoneurosis; conversion reaction in a passive dependent character," "dependent, inadequate personality and a tendency to regress with conversion manifestation," and "anxiety reaction, chronic." According to the claimant, whenever he attempts to work or perform simple tasks, or even when he comes in contact with strangers, he shakes all over and breaks out into a sweat.

Under the provisions of the Social Security Act, §§ 216(i) and 223, 42 U.S.C.A. §§ 416(i) and 423, as amended, the claimant is not entitled to either disability insurance benefits or the establishment of a period of disability unless he became disabled at a time when he met the insurance coverage requirements of the Act. The pertinent requirement in this case is that the claimant must have earned a minimum amount of wages for twenty calendar quarters out of a period of forty quarters preceding the date of disability. 42 U.S.C.A. §§ 416(i) and 423(c). It is conceded that the claimant's insured status expired on March 31, 1960. In other words, the claimant must show that he became disabled on or before that date.

At a hearing held in 1962 before a hearing examiner, the foregoing facts were presented in support of the claimant's second application for disability benefits filed September 26, 1960. In his written opinion dated July 17, 1962, the hearing examiner thoroughly reviewed the evidence and concluded that at no time prior to March 31, 1960, was the claimant under a "disability," which at that time was defined in the Act as the "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 42 U.S.C.A. §§ 416 (i) (1) (A) and 423(c) (2) (1964). This ruling was based on the finding of the hearing examiner that none of the diagnoses of the claimant's condition revealed delusions, hallucinations, irrationality, incoherence, or loss of memory or concentration. The hearing examiner considered of cardinal importance the fact that some of the examining physicians had indicated that the claimant might be helped by psychiatric treatment, but the claimant had consistently refused to submit to treatment. Since the burden of proving a disability was on the claimant, the hearing examiner concluded that in the absence of evidence indicating that treatment would not help the claimant, his condition must be regarded as a remedial condition. Relying on the authority of Thompson v. Flemming, 188 F. Supp. 123 (D.C.Or.1960), the hearing examiner concluded that a remedial condition did not constitute a disability under the Act.

We would be inclined to disagree with the reasoning and conclusions of the hearing examiner if his ruling were the subject of review in this proceeding. See Beggs v. Celebrezze, 356 F.2d 234 (4th Cir. 1966). However, such is not the case. This ruling became the final decision of the Secretary when the claimant failed to pursue his administrative remedies by appealing the decision of the hearing examiner to the Appeals Council of the Social Security Administration.

The claimant's third application for disability insurance benefits was filed on November 16, 1965. The additional evidence submitted by the claimant in support of this application consisted primarily of a report from a Virginia state hospital where the claimant had been under examination for a period of four weeks late in 1965. The report of the examining physician did not help the claimant's cause:

On admission he appeared rather restless and apprehensive. He was well oriented, speech coherent and believed that his first wife's family are against him. He denied hallucinatory experiences and seemed to be somewhat evasive about his mental episode. Physical examination shows chonic bronchitis. Chest x-ray negative. Blood serology and routine laboratory studies within normal limits. During hospitalization patient complained of his stomach and his back and had some tremors of his hands. His judgment was not very good and his insight was incomplete. He improved greatly, gained good insight and good judgment. He was well oriented, had good memory and talked freely.

DIAGNOSIS: Personality Trait Disturbance, Emotionally unstable personality.

PROGNOSIS: Prognosis guarded. Patient discharged 12–16–65 as not mentally ill.

The claimant's third application was denied both initially and upon reconsideration requested by the claimant. In denying this application the Secretary noted that the definition of "disability" had been amended by the Social Security Amendments of 1965, § 303(a), 42 U.S.C.A. §§ 416(i) (1) and 423(c) (2), as amended, (Supp. I, 1967), to mean an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." After reviewing the claimant's record, including the evidence submitted with previous application, the Secretary concluded, "We find that your condition was not disabling within the meaning of the previous or present provisions of law on August 8, 1954 (the date you state you became unable to work), or on any later date through March 31, 1960. This is the last day on which you still met the earnings requirement [of the Act]." This

ruling became the final decision of the Secretary when the claimant failed to request a hearing before a hearing examiner. We agree that the amended definition of "disability" would not require a reversal of the Secretary's previous decisions.

■ Claimant's fourth application, filed December 5, 1966, was again thoroughly considered by a hearing examiner. The additional evidence submitted by the claimant consisted of reports of three doctors, two of which described the claimant as totally disabled. The third agreed completely with the above-quoted report of the Virginia state hospital. In his written opinion the hearing examiner considered significant the fact that the three additional medical reports were based upon examinations made at least six years after the claimant's insured status had expired. The hearing examiner concluded that the claimant was not entitled to disability insurance benefits for three reasons: (1) since no new issues were raised, the Secretary's previous decisions were res judicata as to the claimant's rights, (2) no "good cause" existed for reopening and revising the previous decisions, and (3) a review of the entire record disclosed no error in the previous determinations. We agree with the Secretary that no new issues are presented by the claimant's fourth application for insurance disability benefits. Nor do we doubt that the rule of res judicata has some application to decisions of the Secretary of Health, Education and Welfare. Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), permits judicial review of a decision of the Secretary only if commenced within sixty days after notice of the decision is mailed to the claimant. Unless the claimant pursues this remedy, 42 U.S.C.A. § 405(h), would apparently preclude recourse to the courts:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decisions of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

The Secretary, under his rule-making power conferred by 42 U.S.C.A. § 405(a), has issued regulations which provide that a final decision of the Secretary may be reopened " * * * within 4 years after the date of the notice of the initial determination * * * upon a finding of good cause for reopening such determination * * *." 20 C.F.R. § 404.957 (b) (1968). Although the Secretary might have relied on the four-year limitation in refusing to reconsider his rejection of the claimant's 1960 application, his decision is based on a finding that "good cause" for reopening was lacking.[1] The Secretary found further that his previous decisions were res judicata. Again it appears that the claimant received more than due consideration, since 20 C.F.R. § 404.937(a) provides that a hearing examiner may dismiss a hearing request where there has been a previous final decision of the Secretary "with respect to the rights of the same party on the same facts pertinent to the same issue or issues * * *."

The claimant's fourth application was in effect a request for a discretionary reconsideration and revision of the Secretary's 1962 and 1965 decisions as provided in 20 C.F.R. § 404.957, supra. Hence, the questions for our determination are whether the Secretary's finding

---

1. Soc.Sec.Reg.No. 4 § 404.958, 20 C.F.R. § 404.958 (1968) provides:
   Good cause for reopening a determination or decision.
   "Good cause" shall be deemed to exist where:
   (a) New and material evidence is furnished after notice to the party to the initial determination;

   (b) A clerical error has been made in the computation or recomputation of benefits;
   (c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based.

that no good cause existed is reviewable, and if so, whether it was erroneous.

Under 42 U.S.C.A. § 405(g), a court cannot disturb the findings of the Secretary, made after a hearing, if the findings are supported by "substantial evidence." However, this provision of the Act has been construed, we think correctly, to prescribe the applicable standard of review only where the final decision of the Secretary was rendered after a hearing made mandatory by 42 U.S.C.A. § 405(b). Cappadora v. Celebrezze, 356 F.2d 1 (2nd Cir. 1966). Section 405(b) does not require a hearing upon a request for a reopening of a final decision of the Secretary, and as noted above, Regulation § 404.937, permits the dismissal of a hearing request where the issues are res judicata. The fact that the Secretary chose to hold a hearing in this instance, where none was required, is immaterial, since the hearing in no way prejudiced the claimant's rights. The well-reasoned opinion of the Court of Appeals for the Second Circuit in Cappadora v. Celebrezze, supra, held that notwithstanding the seemingly absolute language of § 405(h), quoted above, the Administrative Procedure Act, § 10, 5 U.S.C.A. §§ 701–706 (1967),[2] authorizes, albeit cryptically, the judicial review of a decision of the Secretary not to reopen and revise a prior final determination. This expanding interpretation of § 10 of the APA appears to be the modern trend, and in our opinion, the better view.

See Rusk v. Cort, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962); Schonfeld v. Wirtz, 258 F.Supp. 705 (S.D.N.Y. 1966); Road Review League, Town of Bedford v. Boyd, 270 F.Supp. 650 (S.D. N.Y.1967); cf. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963); Rivers v. Celebrezze, 217 F.Supp. 141 (W.D.Va.1963). However, this reading of § 10 affords the claimant little solace in this case. The relevant standard of review under § 10(e) of the APA, 5 U.S.C.A. § 706(2) (A), would permit this court to revise the decision of the Secretary only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." This is certainly a more stringent standard than the "substantial evidence" test otherwise applicable. Just as certainly, we cannot say that the Secretary's decision was "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group * *." Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715, 719 (2d Cir. 1966). Moreover, none of the regulations relevant to the Secretary's decision appear to exceed his rule-making power. Parenthetically, we add that if the question were squarely presented, we would hold that the Secretary's decision not to reopen his prior determinations is based on substantial evidence. Since the decision of the Secretary was neither

---

2. This section, so far as pertinent, provides:

Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—

(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

   *     *     *     *     *

(c) Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review.

   *     *     *     *     *

(e) Scope of review.

So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall (A) compel agency action unlawfully withheld or unreasonably delayed; and (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; * * * (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law.

an abuse of discretion nor without substantial support from the evidence, the motion for summary judgment filed on behalf of the Secretary is hereby granted.