**Roy HOWARD and Eugene Lindsay, Plaintiffs,**

v.

**Secretary of Labor James D. HODGSON, U. S. Dept. of Labor, Defendant.**

No. 72 C 521(4).

United States District Court, E. D. Missouri, E. D.

Feb. 1, 1973.

Igoe & Igoe, St. Louis, Mo., for plaintiffs.

Daniel Bartlett, Jr., U. S. Atty., and Gregory P. Egan, U. S. Dept. of Labor, St. Louis, Mo., for defendant.

MEMORANDUM

WANGELIN, District Judge.

This action is before the Court upon the motion of the defendant Secretary of Labor, United States Department of Labor, (hereinafter "Secretary") alternatively (1) to dismiss (a) for lack of subject matter jurisdiction or (b) for failure to state a claim upon which relief can be granted, or (2) for summary judgment. The parties were heard in oral argument on this matter on December 22, 1972.

Plaintiffs seek a writ of mandamus ordering the Secretary to file an action to set aside a December 20, 1971, election of officers of "Teamster's Local 600 in the City of St. Louis [,Missouri]." Plaintiffs assert that this action arises under the Labor Management Reporting and Disclosure Act of 1959 as amended (29 U.S.C. § 401 et seq.) (hereinafter "Act") and cite the Court to §§ 401, 402, and 601 (29 U.S.C. §§ 481, 482, and 521) of the Act. Section 1361 of Title 28, United States Code, is the asserted basis for the Court's subject matter jurisdiction.

Plaintiffs allege that on December 22, 1971, they filed a protest with the Local 600 Secretary-Treasurer. No disposition of this protest is alleged. However, the Court, for the purpose of the instant motion, will assume that plaintiffs received no satisfaction. Defendant takes no issue with this point. Plaintiffs further allege that on April 13, 1972, they filed a complaint, protesting the subject election, with the St. Louis Office of the Labor Management Service Administration. On July 7, 1972, the Director of the Office of Labor-Management and Welfare-Pension Reports (hereinafter "Director") found no violations of the law to have occurred in the conduct of the subject election which may have affected the outcome thereof.

Plaintiffs have attached to their complaint in this action a copy of the complaint filed with the Department of Labor and alleged that the violations alleged therein occurred and may have affected the outcome of the election. Furthermore, the plaintiffs attack the decision of the Director in that it is unsubstantiated by evidence and "is against the law."

Attached to defendant's motion is an affidavit of Director Leonard J. Lurie, a copy of the plaintiffs' complaint to the Department of Labor, a copy of the July 7, 1972, decision of the Director, a copy of the Director's letter to the subject union, and a copy of the Secretary's Order No. 11–72 dated May 12, 1972. Plaintiffs have not controverted the authenticity of those documents.

The relevant portion of the Director's letter to the plaintiffs dated July 7, 1972, states

Pursuant to Sections 402 and 601 of the Labor-Management Reporting and Disclosure Act of 1959, as Amended, an investigation was conducted which disclosed that no violations occurred in the election of officers during the period December . . . to December 20, 1971, which may have affected the outcome of the election.

Therefore, it has been determined, with the concurrence of the Secretary of Labor, that litigation is not warranted and we are closing our file in this case.

The issue over which the parties have joined most strongly is whether the Court has jurisdiction of the subject matter of this action.

Section 402 of the Act provides that after exhaustion of intra-union remedies and after the filing of a complaint which alleges a violation of Section 401 (29 U.S.C. § 481) with the Secretary

(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity. . . .

Section 403 of the Act (29 U.S.C. § 483) provides in pertinent part that "[t]he remedy provided by this subchapter for challenging an election already conducted shall be exclusive." To what extent has § 403 limited the Court's power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff[s]"? 28 U.S.C. § 1361.

In Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964), union members sued a union and its officers under the jurisdiction granted by § 102 of the Act seeking to enjoin the union from conducting elections until it revised its election procedures. The District Court found that the complaint at most alleged violations of § 401 of the Act and concluded that it was without jurisdiction because the § 402 remedy was declared exclusive by § 403. The Supreme Court affirmed the District Court's dismissal stating in part that after the Secretary investigates a complaint, "if he finds probable cause to believe that Title IV [§§ 401–403 of the Act] has been violated, he *may* file suit in the appropriate district court." (emphasis added) at 140. This case is not

directly applicable to the action at hand in that therein a pre-election remedy was sought by suit against the union itself. Clearly in the instant action, had the plaintiffs sued the union directly the action would have been dismissable. Avery v. Theatrical Stage Employes, 63 LRRM–185 (N.D.Calif.1965).

The Director has been delegated the §§ 401–403 duties of the Secretary. The Director reported in the instant action, with the Secretary's concurrence, "that no violations occurred . . . which may have affected the outcome of the election." By his affidavit and by the letter to the union the Director shows that

The investigation disclosed one technical violation which, although it may not have affected the outcome of Local 600's December 8 to December 20, 1971 election, [it] might be troublesome in future elections. This violation related to the denial of an observer to effectively observe the election. The Department of Labor, in accordance with its established practice, advised Mr. Frank E. Fitzsimmons, International General President, by letter dated July 7, 1972, . . . that this action should be corrected in regard to future elections.

\* \* \* \* \* \*

Since the investigation failed to disclose any violation of the Act complained of by Messrs. Howard and Lindsay, which may have affected the outcome of the election, it was determined not to bring a civil action to set aside the election. (Director's Aff. p. 2).

Upon such a "finding" that a technical violation of the Act did occur, is the Secretary required by the Act to bring an action? No. *Calhoon, supra*; Schonfeld v. Wirtz, 258 F.Supp. 705, 708 (S.D.N.Y.1966). The Court in Schonfeld, however, held that it had jurisdiction to apply the provisions of the Administrative Procedure Act (5 U.S.C. § 1009) to determine the sufficiency of the basis for the Secretary's finding and

conclusion. Judge Regan, of this Court, disagreed with the application of this latter holding to the facts of the case before him stating:

Is the Secretary's finding of want of probable cause (or his failure to find probable cause) subject to review under the Administrative Procedure Act? Plaintiff asserts that it is, citing 29 U.S.C. § 526 which provides:

"The provisions of the Administrative Procedure Act shall be applicable to the issuance, amendment, and rescission of any rules or regulations, or any adjudication, authorized or required pursuant to the provisions of this chapter."

Contrary to plaintiff's contention, this section does not make *every* "adjudication" of the Secretary subject to judicial review. One of the "provisions" of the Administrative Procedure Act, which section 526 makes applicable, expressly bars review of agency action "so far as" the particular statute involved "precludes" judicial review thereof. Also excluded is review of agency action which is "by law committed to agency discretion." As we view the Secretary's decision, both such limitations which preclude judicial review are here applicable.

The statutory preclusion of judicial review need not be explicit. The very nature of the administrative action here involved, as well as the conditions spelled out with respect thereto, bespeak, in our judgment, the congressional intent to exclude judicial review as here sought, as well as to commit such matters solely to administrative discretion.

McArthy v. Wirtz, 55 LC 19,105, at 19,-107 (E.D.Mo.1967). While in *McArthy* the Secretary found *no* violation, Judge Regan's rationale is likewise applicable to the instant case where the Secretary concurred in a finding that no violation existed which may have affected the election. In such a case a finer fact finding is necessary than is needed to support a finding that no violation oc-

curred at all, and a stronger case for deference to the Secretary's expertise thereby presented. In this action no duty to plaintiffs exists and a mandamus action will not lie. *Ravaschieri v. Shultz,* 63 LC 19,569, 19,571 (S.D.N.Y. 1970). Therefore, this action must be dismissed for lack of subject matter jurisdiction. *Calhoon, supra.*