Roy HOWARD and Eugene Lindsay, Appellants,

v.

James D. HODGSON, Secretary of Labor, Appellee.

No. 73–1220.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1973.

Decided Jan. 21, 1974.

John R. Igoe, St. Louis, Mo., for appellants.

Michael H. Stein, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

This is an appeal from the District Court's order dismissing plaintiffs' man-

damus action. The plaintiffs, members of Local 600 International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, were candidates for offices in the union in an election held December 20, 1971. On December 22, 1971, plaintiffs filed a protest with respect to the conduct of the election with the Local 600 Secretary-Treasurer. This protest was not acted upon. On April 13, 1972, plaintiffs wrote a letter to the St. Louis Office of the Labor Management Service Administration, complaining of the conduct and results of the election. They asserted that: (1) the nominating procedures were improper; (2) balloting was done by mail, and the ballots were improperly mailed; (3) they were denied an opportunity to mail their literature to all eligible voters; (4) the union magazine was improperly used by their opponents; (5) secrecy was not preserved in the balloting; (6) their observers were not given proper access to the tallying of the ballots; and (7) the ballots were not properly tallied. They then complained that the irregularities affected the conduct and results of the election. They asked that the election be set aside and that a new one be conducted by the United States Department of Labor. An investigation was conducted by the St. Louis Office. Leonard J. Lurie, Director of the Office of Labor-Management and Welfare-Pension Reports, advised plaintiffs by letter on July 7, 1972, that:

> * * * an investigation was conducted which disclosed that no violations occurred in the election of officers during the period December 8 to December 20, 1971, which may have affected the outcome of the election.

The plaintiffs then filed a complaint in District Court seeking a writ of mandamus ordering the Secretary to file an action to set aside the election. The plaintiffs asserted that the action arose under the Labor Management Reporting and Disclosure Act. 29 U.S.C. § 401 et seq. (1959), and that 28 U.S.C. § 1361 (1962)[1] provided subject matter jurisdiction. The complaint is ambiguous but appears to allege, in substance, that inasmuch as the Secretary of Labor found at least one violation of § 481 of the Act, he was obligated to bring an action in District Court to set the election aside and his failure to do so was contrary to the law and evidence.

The Secretary filed alternative motions, requesting: (1) that the complaint be dismissed either for lack of subject matter jurisdiction or for failure to state a claim upon which relief could be granted; or (2) that the court grant summary judgment. The District Court dismissed the action for lack of subject matter jurisdiction.

■ The District Court reasoned that the Secretary need not bring an action unless he finds probable cause to believe that the violations may have affected the outcome of the election. We agree with the trial court's reasoning and affirm. We do so, however, on the ground that the complaint failed to state a claim upon which mandamus relief could be granted, rather than on the jurisdictional ground given by the trial court. The allegation that the Secretary acted contrary to law was broad enough to give the trial court authority to decide the case. *See,* Clayton Miller & Dennis Shea, et al. v. Captain Carl Ackerman, et al., 488 F.2d 920, 922 (8th Cir., 1973); 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1350, n. 54 (1969). However, the action necessarily fell with the determination that the Secretary's actions were in accordance with the law.

■ The critical question is: Does the Secretary of Labor have an obligation to commence an action whenever he finds a violation, or may he refrain from bringing an action, as he did here, if he does not find probable cause to believe the violation may have affected the

---

1. Title 28 U.S.C. § 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

outcome of the election. The appellants argue that the court alone has the authority to decide when the outcome of an election may have been affected by a violation.

Section 482 of Title 29 of the United States Code provides that after exhaustion of union remedies and the filing of a complaint with the Secretary of Labor alleging a violation of § 481:

> (b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, *he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization* as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election * * *.
>
> (c) If, upon a preponderance of the evidence after a trial upon the merits, the court finds—
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (2) that the violation of section 481 of this title may have affected the outcome of an election,
>
> the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary * * *. (Emphasis added.)

While § . 482(b) contains the word "shall,"[2] a regulation promulgated by the Department of Labor provides:

> Violations of the election provisions of the Act which occurred in the conduct of elections held within the prescribed time are not grounds for setting aside an election unless they "may have affected the outcome." The Secretary, therefore, will not institute court proceedings upon the basis of a complaint alleging such violations unless he finds probable cause to believe that they "may have affected the outcome of an election."

29 C.F.R. § 452.16(b) (1963).

This regulation is consistent with the legislative history of the Act. The Senate Report on the bill stated:

> &ast; &ast; &ast; Since an election is not to be set aside for technical violations but only if there is reason to believe that the violation has probably affected the outcome of the election, the Secretary would not file a complaint unless there were also probable cause to believe that this condition was satisfied &ast; &ast; &ast;.

Senate Report No. 187, 86th Cong., 1st Sess.1959; U.S. Code Congressional and Administrative News, at p. 2337.

The interpretation we adopt is also consistent with a common sense approach. No useful purpose would be served by requiring the Secretary of Labor to bring frivolous suits.

Only one case has been called to our attention which is precisely on point— Schonfeld v. Wirtz, 258 F.Supp. 705 (S. D.N.Y.1966). Judge McLean stated:

> In my opinion, the fundamental purpose of the statute overrides the rather inept literal language. If Congress intended, as the Supreme Court has said it did, to "utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest," it makes no sense to say that the Secretary must sue for every violation, even though he believes that the suit would be futile because the violation could not have affected the outcome. I hold, therefore, that Section 482(b) confers discretion upon the Secretary to determine both the probable violation and its probable effect.

*Id.* at 708.

---

2. The Supreme Court in Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), substituted the word "may" for "shall" in discussing the duty of the Secretary under § 482. It stated:

&ast; &ast; &ast; Upon complaint, the Secretary investigates and if he finds probable cause to believe that Title IV has been violated, he *may* file suit in the appropriate District Court. &ast; &ast; &ast; (Emphasis added.)

This is not to say that the Secretary's discretion under § 482 is absolute. If the Secretary finds probable cause to believe that a violation has occurred and also finds probable cause to believe that the violation may have affected the outcome of the election, the Act requires that he commence an action against the labor organization.

The plaintiffs contend for the first time on appeal that the Secretary owes a duty to a complainant to make a full statement of the reasons underlying his decision. They ask this Court to compel him to provide plaintiffs with an adequate written statement of his reasons for not commencing suit. They cite DeVito v. Schultz, 300 F.Supp. 381 (D.D.C.1969), in support of their request. We reject the request. While there may be merit to the views expressed by the court in *DeVito*, it would be inappropriate for us to grant a request for relief not made in the court below.