Rachel BELLES, Individually and on behalf of all others similarly situated, Appellant,

v.

Richard SCHWEIKER, Individually and in his capacity as Secretary, Department of Health and Human Services, Appellee.

No. 82–2194.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1983.

Decided Nov. 4, 1983.

Martin Ozga, Legal Services Corp. of Iowa, Des Moines, Iowa, for appellant.

Richard C. Turner, U.S. Atty., Robert C. Dopf, Asst. U.S. Atty., S.D. Iowa, Des Moines, Iowa, for appellee; Paul P. Cacioppo, Regional Atty., Kenneth J. Cain, Atty., Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before ROSS, ARNOLD and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Rachel Belles brought this class action against the Secretary of the Department of Health and Human Services claiming that she was denied notice and hearing of alleged Title II overpayments, an opportunity to contest the overpayments or to request waiver of the overpayments, and an opportunity for a recoupment hearing. Her claim arises from the electronic deposit of funds in her account in the amount of $1,205.40 after her husband's death. The district court denied certification of a class, and held that plaintiff's claim was moot. Belles claims that the court erred in so holding. The Secretary argues that the district court lacked subject matter jurisdiction over the action. We conclude that the court had jurisdiction, that the action was not moot, and remand to the district court for further proceedings.

The facts are not in dispute and are succinctly set forth in the district court's order:

Plaintiff is a 75-year-old recipient of social security widow's benefits and social security retirement benefits. Prior to his death, plaintiff's husband was receiving social security disability benefits deposited directly in his and plaintiff's joint checking account with the Jasper County Savings Bank by means of an electronic funds transfer (EFT). Plaintiff's husband died on April 24, 1972, and plaintiff notified the Social Security Administration of his death and began receiving widow's benefits. The Department of Treasury, however, continued to make credit payments in his name for benefits to the Jasper County Savings Bank. The bank correctly returned the erroneous payments for April 1979 through July 1979. However, the bank failed to return the erroneous payments for August 1979 through October 1979, crediting plaintiff's account for these payments in the amount of $1,205.40.

On December 2, 1980, the Social Security Administration, having discovered the erroneous payments, requested the Department of Treasury to stop payment for August, September and October 1979.

On December 5, 1980, the Jasper County Savings Bank sent a letter to plaintiff informing her that it had received a letter requesting remittance of the erroneously made payments. On December 22, 1980, plaintiff requested a waiver of the overpayment with the Social Security Administration.

On December 29, 1980, the Des Moines, Iowa, Social Security Administration District Office wrote the Social Security Administration Program Service Center in Philadelphia, Pennsylvania (hereinafter the Service Center), requesting information on the status of the waiver. Robert A. Gross, Jr., Acting Director of Operations, responded on January 19, 1981, stating:

In accordance with [Claims Manual] 5500.3, incorrect EFT payment are not subject to section 204 and waiver or reconsideration provisions do not apply. [Plaintiff] will soon be advised of subsequent adjustment to recover the incorrect EFT payment of $1205.40 which represents check issued to the [plaintiff's husband] after his death for 8/79, 9/79 & 10/79.

Plaintiff was notified of the benefit reduction on February 11, 1981, and her March through June, 1981, widow's and retirement benefit checks were reduced $118.00 each month.

Plaintiff filed this action on June 18, 1981.

On July 25, 1981, and on August 6, 1981, the Service Center wrote plaintiff stating that a check for $472.00 would be mailed to her as a refund of the amounts previously withheld from her benefits. Belles received a refund of the withheld amounts on August 9, 1981.

## I.

The Secretary argues that the district court had no subject matter jurisdiction to hear this case. The district court, based on *Ellis v. Blum,* 643 F.2d 68, 78–82 (2d Cir. 1981), held that it had subject matter jurisdiction over plaintiff's complaint under 28 U.S.C. § 1361 and Belles argues that the district court correctly so held. We agree.

In *Ellis* the plaintiff sued the Secretary of the United States Department of Health, Education & Welfare, among others, for termination or threatening to terminate disability benefits without prior adequate written notice. The plaintiff contended that the defendant's inadequate pretermination notice violated the due process clauses of the Fifth and Fourteenth Amendments and the Social Security Act. The *Ellis* court held that the district court had jurisdiction over the Secretary under 28 U.S.C. § 1361.[1]

---

1. 28 U.S.C. § 1361 was added by the Mandamus and Venue Act of 1962, 76 Stat. 744. Section 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

As was contended by the defendants in *Ellis,* the Secretary argues that § 205(h) of the Social Security Act, 42 U.S.C. § 405(h), precludes assertion of § 1361 jurisdiction. According to the Secretary, § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is the exclusive jurisdictional basis for suit under the Social Security Act, and Belles did not meet the jurisdictional prerequisites to suit set forth therein.[2] In support of his argument, the Secretary relies primarily on the United States Supreme Court decision in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Neither *Salfi* nor the other Supreme Court cases cited by the Secretary, *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977), and *Mathews v. Eldridge,* 424 U.S. 319, 327, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976), are controlling in this case. In all of these cases the Supreme Court left open the question of whether § 1361 jurisdiction was available. *Dockstader v. Schweiker,* 719 F.2d 327 at 329 (10th Cir.1983).

■ In *Salfi* the Supreme Court interpreted § 405(h) to require that claims for benefits be asserted only through 42 U.S.C. § 405(g). 422 U.S. at 756–57, 95 S.Ct. at 2462–2463. Belles' claims in this case are similar to those in *Ellis, supra,* inasmuch as they raise essentially a procedural challenge, a right to the protections of 42 U.S.C. § 404(b) as interpreted in *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). A decision favorable to Belles would not entitle her to benefits, but would instead give her a right to notice and a prerecoupment hearing. Accordingly, § 405(h)[3] is not controlling. *See Dockstad-*

*er, supra,* 719 F.2d at 329–330; *Dietsch v. Schweiker,* 700 F.2d 865, 868 (2d Cir.1983); *Elliott v. Weinberger,* 564 F.2d 1219, 1226 (2d Cir.1977), *rev'd in part on other grounds sub nom. Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *Ryan v. Shea,* 525 F.2d 268, 272 (10th Cir. 1975).

■ The Secretary argues, however, that 42 U.S.C. § 405(h) precludes judicial review of any matter arising under the Social Security Act. But in *Salfi* the Supreme Court indicated that the proper interpretation of statutes limiting judicial review of agency actions is a strict one, excluding only those matters expressly addressed by the statute. 422 U.S. at 761–762, 95 S.Ct. at 2464–2465; *see Elliott, supra,* 564 F.2d at 1227 n. 11. While the language of § 405(h) precludes judicial action "to recover on any claim arising under this subchapter," it does not address the question of due process. Unless the question sought to be litigated is within the express language of the limiting statute, there is no basis for concluding that Congress sought to limit or preclude judicial review.[4] We conclude, therefore, that in cases like the present one, which involve claims essentially procedural in nature, § 405(h) presents no obstacle to mandamus jurisdiction.

As this court held in *St. Louis University v. Blue Cross Hospital Service,* 537 F.2d 283 (8th Cir.1976), *cert. denied sub nom. Faith Hospital Assoc. v. Blue Cross Hospital Service, Inc.,* 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976), even § 1331 jurisdiction is not precluded by § 405(h) where the

---

**2.** 42 U.S.C. § 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision; and (3) filing of the action in an appropriate district court. *See Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–2466, 45 L.Ed.2d 522 (1975).

**3.** 42 U.S.C. § 405(h) states:
The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secre-

tary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

**4.** Nor is there, as the Secretary argues, any clear and convincing evidence that Congress intended to limit mandamus jurisdiction by section 405(h). *See Ellis, supra,* 643 F.2d at 79–81; *Elliott, supra,* 564 F.2d at 1227 n. 12.

claim involved is procedural.[5] In distinguishing *Salfi* and holding that § 405(h) did not preclude jurisdiction under § 1331, we observed that the appellant's due process claim would not affect the substantive question of entitlement to benefits. *St. Louis University, supra,* 537 F.2d at 292.

It is also argued that mandamus jurisdiction is improper in this case because the defendant has no clear duty to act under 42 U.S.C. § 404(b). However, determining whether the defendant has a duty under 42 U.S.C. § 404(b) would entail an analysis of the merits of appellant's whole case.

■ In resolving whether mandamus jurisdiction is available, the "allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction." *Carpet, Linoleum & Resilient Tile v. Brown,* 656 F.2d 564, 567 (10th Cir.1981); *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir.1980), *cert. denied,* 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980); *see also Howard v. Hodgson,* 490 F.2d 1194, 1195 (8th Cir.1974). Belles alleges that she is entitled to certain rights under 42 U.S.C. § 404(b) and that the Secretary has a clear duty to apply the provisions of 42 U.S.C. § 404(b) to her. Taking Belles' allegations at face value, we conclude that the trial court was correct in finding that it had jurisdiction under § 1361.[6]

## II.

The district court, relying on *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982), held that Belles' claim was moot and dismissed her action.

■ In *Valley Forge* the Supreme Court identified the Article III requirements that a plaintiff must meet in order to have standing.[7] They are as follows: (1) plaintiff must allege an actual or threatened injury as a result of conduct of the defendant, (2) the injury alleged by the plaintiff must be fairly traceable to the action of the defendant that is challenged in the lawsuit, and (3) the injury alleged by plaintiff must be likely to be redressed by a favorable decision of the court. *Valley Forge, supra,* 454 U.S. at 472, 102 S.Ct. at 758. After reviewing the record, we conclude that Belles' claim meets these requirements, and therefore, we reverse the district court's judgment in favor of the defendant.

In *Valley Forge,* the plaintiffs challenged a conveyance to a church-related college on the ground that it violated the Establishment Clause of the First Amendment. The Supreme Court held that plaintiffs did not have standing to bring their action because they failed to allege injury.

> Although they claim that the Constitution has been violated, they claim nothing else. They fail to identify any personal injury suffered by the plaintiffs as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing under Article III. . . .

*Valley Forge supra,* 454 U.S. at 485, 102 S.Ct. at 765.

■ Unlike the plaintiff's complaint in *Valley Forge,* Belles alleges an injury sufficient to confer standing. Belles suffered injury in fact when her own social security benefits were reduced. At the time Belles' lawsuit was filed, the Social Security Administration was withholding $118 per

---

**5.** Plaintiffs in *St. Louis University, supra,* brought suit under the Medicare Act. Section 405(h) is incorporated into the Medicare Act by 42 U.S.C. § 1395ii.

**6.** In light of our conclusion that the district court has jurisdiction under 28 U.S.C. § 1361, we do not reach Belles' alternative contentions that jurisdiction would also be proper under 42 U.S.C. § 405(g) and 28 U.S.C. § 1331.

**7.** The doctrines of standing and mootness are conceptually related. The Supreme Court has stated that mootness is the "doctrine of standing set in a time frame." *United States Parole Comm. v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980).

month from Belles' social security benefits in order to repay the alleged overpayment. It is clear then that Belles' claim was not moot at the inception of her suit, and counsel for the Secretary admitted as much in oral argument. However, the Secretary argues, and the district court found, that the refunding of the monies withheld from Belles' benefits made Belles' whole and put an end to any live controversy that existed between Belles and the Secretary.

In *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), the Supreme Court stated that a case may become moot when the issues presented are no longer live, or the parties lack a legally cognizable interest in the outcome of the litigation. According to *Davis,* jurisdiction properly acquired, may abate because of mootness if (1) there is no reasonable expectation that the alleged violation will recur, and (2) interim events have "completely and irrevocably eradicated the effects of the alleged violation." 440 U.S. at 631, 99 S.Ct. at 1383. Although Belles was refunded the amounts originally withheld by the Social Security Administration, that is not the only injury she suffers as a result of the Secretary's action.

Because of the interaction between the Social Security Administration, the Treasury Department and the Jasper County Savings Bank, the bank debited Belles' account in the amount of $600.00. Belles also remains potentially liable to the bank for another $605.40. Although it is unlikely that the same injury will recur with respect to Belles, it is evident that the refunding of the amounts withheld from Belles' benefits did not "completely and irrevocably eradicate" the other effects of the Secretary's action. The refund did not in any way correct the injuries Belles has suffered in relation to the debiting of her bank account. Therefore, since the second of the two conditions set out in *Davis* is not met, Belles' claim has not become moot.

The Secretary argues that the Social Security Administration did not debit Belles' account, and that the action of the bank in debiting Belles' account was not pursuant to any authority of the Social Security Administration. In oral argument, however, counsel for the Secretary admitted that the Social Security Administration and the Treasury Department work together in recovering incorrect payments. This is evident from sections of the Social Security Administration Claims Manual regarding overpayments and incorrect payments. (Factor Affidavit, Para. 14). The bank's actions were simply a response to the actions of the Social Security Administration and the Treasury Department.

The injury that Belles presently experiences, as well as the possibility of further injury should the bank decide to exercise set-off for the other $605.40, is caused at least indirectly by the actions of the Secretary. As is made clear in *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977), an injury may be indirect and still be sufficient to confer standing so long as that injury is "fairly traceable to the defendant's acts or omissions." *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976).

Belles' economic injury can be traced to the failure of the Social Security Administration to provide Belles the procedures to which she claims she is entitled.[8] Had Belles received notice of the "overpayment," she could have requested waiver of the overpayment, there could have been a prerecoupment hearing on her request, and ultimately the overpayment could have been waived by the Social Security Administration. If the overpayment had been waived, Belles would not owe the Social Security Administration, and consequently, the Social Security Administration would not have contacted the Treasury Department, and the Treasury Department would

---

**8.** As we stated earlier, we do not reach the merits of Belles' claim regarding the proce-

dures to which she contends she is entitled.

 

not have taken action to recover the funds from the Jasper County Savings Bank. In the absence of the procedural omissions by the Social Security Administration of which Belles complains, the Jasper County Savings Bank would have no reason to debit Belles' account.

The third factor stated in *Valley Forge* that the plaintiff must meet is that the injury is one likely to be redressed by a favorable decision of the court. Although we do not reach the merits of this case, we believe the district court could frame an order that would be likely to redress the injury suffered by Belles.

### III.

The district court held that Belles did not satisfy her burden of establishing that a class action should be certified under Federal Rule of Civil Procedure 23(b)(2).

Determining the appropriateness of a class action is within the discretion of the trial court and will be overturned only upon a showing of an abuse of that discretion. *Wright v. Stone Container Corp.,* 524 F.2d 1058, 1061 (8th Cir.1975). The district court held that Belles failed to meet either the numerosity or the typicality requirements of Rule 23(a) of the Federal Rules of Civil Procedure. We cannot say that the trial court abused its discretion in refusing to certify the class.

The numerosity requirement requires an inquiry into whether the class is so numerous that joinder of all members is impracticable. Although, as Belles argues, no arbitrary rules regarding the necessary size of classes have been established, *Boyd v. Ozark Airlines, Inc.,* 568 F.2d 50, 54 (8th Cir.1977), the plaintiff bears the burden of establishing that numerosity does exist. The only evidence presented by Belles does not accurately identify even an approximate size of the class, much less demonstrate impracticability of joinder.

This court has said that the typicality provision requires a demonstration that there are other members of the class who have the same or similar grievances as the

plaintiff. *Paxton v. Union National Bank,* 688 F.2d 552, 562 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983); *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir.1977), *cert. denied,* 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977); *Wright, supra,* 524 F.2d at 1062. Belles cannot identify any other person who has been subjected to the same or similar treatment as she has. She only speculates that such is the case. Proof of typicality requires more than general conclusory allegations. *Paxton, supra,* 688 F.2d at 562.

For the reasons stated above, we affirm the district court's denial of class certification and remand to the district court for consideration of the individual claims presented by Belles.