**GOOD SAMARITAN MEDICAL CENTER, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendants.**

**No. C–2–84–0336.**

United States District Court, S.D. Ohio, E.D.

Sept. 20, 1984.

David J. Young, Peter A. Pavarini, Steven W. Tigges, Murphey, Young & Smith, Columbus, Ohio, for plaintiffs.

Drake Cutini, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Plaintiffs, eleven rural hospitals, challenge the constitutionality of the Social Security Amendments of 1983 which, in relevant part, authorize the Secretary of Health and Human Services to calculate separate schedules for reimbursement of service providers according to whether a hospital is within or without Metropolitan Statistical Areas. Plaintiffs contend that this distinction between rural and urban hospitals for purposes of reimbursement is arbitrary, and violates both the equal protection and due process guarantees of the Fifth Amendment. The defendant has moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

### I.

This action concerns the statutory scheme under which hospitals that provide services under the Health Insurance for the Aged & Disabled Act (Medicare), 42 U.S.C. §§ 1395 *et seq.*, receive reimbursement from the government. Prior to 1983, reimbursement for services rendered was based upon the reasonable cost or customary charge for the services, whichever was lower. In 1983, the Social Security Amendments of 1983, Pub.L. 98–21, made a major change in this system of payment. Under the new system, reimbursement is based upon the type of case treated, rather than cost of treatment. Cases are categorized into "diagnosis related groups" (DRG's). To encourage hospitals to provide services more efficiently, a prospective payment system was created which hospitals were reimbursed at predetermined amounts.

At issue in the instant case is the method by which Congress instructed the Secretary of Health and Human Services to calculate these amounts. The details of this calculation are not material to this litigation. What is material is that the Act instructs the Secretary to calculate payments separately for urban and rural hospitals.

> The Secretary shall determine a national adjusted DRG prospective payment rate, for each inpatient hospital discharge in fiscal year 1984 ... (S)uch rate shall be determined for hospitals located in urban or rural areas within the United States or within each such region, respectively ...

42 U.S.C. § 1395ww(d)(2). Rural and urban areas are defined as follows:

> the term "urban area" means an area within a Standard Metropolitan Statistical Area (as defined by Office of Management and Budget) or within such similar area as the Secretary has recognized ... by regulation; and the term "rural area" means any area outside such an area or similar area.

42 U.S.C. § 1395ww(d)(2)(D). For a three-year transition period, prospective payment rates will be separately calculated for regions of the country. During this transition, reimbursement is based in part upon

the historical costs of the provider hospital. 42 U.S.C. § 1395ww(d)(1).

## II.

Defendant contends that this Court lacks jurisdiction over the subject matter of this action and, therefore, this action must be dismissed. Plaintiffs ground jurisdiction upon the general federal question statute, 28 U.S.C. § 1331.

Defendant argues that 42 U.S.C. § 405(h) forecloses district court jurisdiction.[1] 42 U.S.C. § 405(g) provides for judicial review in the district courts of a final decision of the Secretary of Health and Human Services made after a hearing. Section 405(h) then provides:

> The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Defendant points out that 42 U.S.C. § 1395*oo* establishes the Provider Reimbursement Review Board, makes available hearings for providers dissatisfied with any reimbursement, and provides for judicial review of final decisions of the Board in the district courts. The premise of the defendant's argument is that the plaintiffs' claims amount to "a claim arising under this subchapter" within the meaning of section 405(h). If this is so, it follows under the Supreme Court's decision in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) that plaintiffs must exhaust administrative remedies, even though they are also asserting related constitutional claims.

In the recent case of *Michigan Academy of Family Physicians v. Blue Cross and Blue Shield of Michigan*, 728 F.2d 326 (6th Cir.1984) the Sixth Circuit addressed the jurisdictional issue involved in the instant case. In that case, plaintiffs, who were service providers under Medicare, filed suit challenging the method by which the Department of Health and Human Services determined reimbursement for certain eligible individuals. The complaint alleged that the classification of family physicians separately from other physicians with similar qualifications and together with chiropracters for the purpose of determining reimbursement violated Medicare itself and due process and equal protection rights under the Fifth Amendment. *Id.* at 327. The defendants argued—as the defendant does in the instant case—that this amounted to an argument for an increase in amounts reimbursed, and therefore could not be brought originally in district court.

The Sixth Circuit stated:

> While the eventual result of this suit may cause an increase in amounts of reimbursement, that does not necessarily follow. In some cases the result might be an increased amount of reimbursement, and in others, a reduction in reimbursement could occur. Michigan Academy, at bottom line, is challenging the overall mechanism for determining the amounts of reimbursements, not the actual value of any particular reimbursement.

*Id.* at 330. The Court held that a constitutional attack upon a regulation establishing procedures for reimbursement lay within the section 1331 jurisdiction of a district court. The Court reasoned:

> (T)his dispute involves ... a challenge to a regulation by the Secretary establishing the procedure under which reimbursement schedules should be determined.... Congress did not provide any mechanism to review such decisions of the Secretary in this type of case. In the

---

1. Section 1872 of the Medicare Act, 42 U.S.C. § 1395ii, incorporates by reference section 405(h) of the Social Security Act.

absence of federal question jurisdiction, therefore, the Secretary apparently would have unbridled discretion to promulgate any regulation he chose. Courts confronted with this dilemma have held that Congress did not intend to preclude federal jurisdiction over such causes.... (citations omitted) ... Given the presumption favoring judicial review and absent a clear and convincing showing that Congress intended the contrary, we conclude that the district court correctly found federal question jurisdiction under 28 U.S.C. § 1331 to render a decision in this case.

*Id.* at 331.

Although *Michigan Academy* is unlike the present case in that it involved a challenge to a regulation rather than a statute, it appears to the Court that both its result and reasoning are applicable to instant case. Indeed, in the instant case there is an additional consideration favoring direct district court review. The Secretary lacks the power to modify the statute, whereas she can modify regulations promulgated under the Act. The Court concludes that *Michigan Academy* is controlling over the jurisdictional issue presented by this case.

The defendant contends, however, that the reasoning of *Michigan Academy* has been undermined by the recent decision of the Supreme Court in *Heckler v. Ringer,* — U.S. ——, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). The *Ringer* plaintiffs were individual Medicare claimants who challenged a policy of the Secretary denying reimbursement for a particular surgical procedure. The Secretary had made a formal ruling that this particular procedure was not "reasonable and necessary" within the meaning of the Medicare Act because it lacked general acceptance within the medical community and ordered fiscal intermediaries not to reimburse for the procedure. The plaintiffs challenged this ruling both under the Medicare Act and on the ground that it denied them constitutional due process. The issue be-

fore the Supreme Court was whether the action was barred by section 405(h).

The Court wrote:

(T)o be true to the language of the statute, the inquiry in determining whether § 405(h) bars federal question jurisdiction must be whether the claim "arises under" the Act, not whether it lends itself to a "substantive" rather than a "procedural" label ... In *Weinberger v. Salfi* ... we construed the "claim arising under" language quite broadly to include any claims in which "both the standing and the substantive basis for the presentation" of the claims is the Social Security Act.

*Id.* — U.S. at ——, 104 S.Ct. at 2022. The Court then held that the claim of the *Ringer* plaintiffs arose under the Act, and that the district court lacked jurisdiction.

Having considered defendant's contention and arguments, this Court concludes that *Ringer* does not by implication overrule *Michigan Academy* for the following reasons. *Ringer* must be read in light of "the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed ..." *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). Although the Supreme Court stated that "arising under" was to be construed broadly, this Court does not construe the decision to foreclose all direct district court review merely because an incidental effect of a favorable decision may be increased benefits to plaintiffs.

This Court perceives a distinction between the claims of the plaintiffs in the instant case and those of the *Ringer* plaintiffs. In substance, the *Ringer* plaintiffs were making a claim for benefits, even though they did not expressly request them. The injunctive and declaratory relief that they sought would lead directly and necessarily to payment of benefits to them. In contrast, the relationship between the constitutional claims of the plaintiffs and increased reimbursements in the instant case is much more attenuated. Further, the *Ringer* plaintiffs had standing to bring

their action only virtue of rights created under the Social Security Act. Had the Act not conferred a right to reimbursement upon them, they would have suffered no judicially cognizable injury. The instant plaintiffs have standing independently of any rights created in them by the Medicare Act; they allege an unconstitutional interference with the conduct of their business. Thus, the claims of the instant plaintiffs are "collateral to ... substantive claims of entitlement," *Mathews v. Eldridge*, 424 U.S. 319, 330-1, 96 S.Ct. 893, 900-1, 47 L.Ed.2d 18 (1976), whereas the constitutional claims of the *Ringer* plaintiffs were intertwined with a substantive claim for benefits. *Weinberger v. Salfi, supra.*

■ Thus, this Court concludes that the claims of the instant plaintiffs do not arise under the Medicare Act. To hold—as the defendant invites the Court to do—that plaintiff's constitutional attack is barred by section 405(g) would, as a practical matter, bar all direct constitutional attacks upon Social Security. The Court does not believe that Congress intended this "extraordinary step" in section 405(g). *Califano v. Sanders, supra,* 430 U.S. at 109, 97 S.Ct. at 986. Thus, defendant's motion to dismiss this action for lack of jurisdiction is DENIED.

### III.

■ Social and economic legislation that does not employ suspect classifications or impinge upon fundamental rights must be upheld under the equal protection component of the Fifth Amendment when the legislative means are rationally related to a legitimate government purpose. *U.S. v. Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *U.S. v. Carolene Products Co.*, 304 U.S. 144, 152 n. 4, 58 S.Ct. 778, 783 n. 4, 82 L.Ed. 1234 (1938). In the present case, there is no dispute between the parties that the government is pursuing a legitimate aim: containing costs and increasing efficiency in health care services delivery. The plaintiffs attack one narrow aspect of the means adopted to this end: distinguish-

ing between rural and urban hospitals for purposes of calculating reimbursement.

■ When an equal protection challenge to the means chosen by the legislature is made in a lawsuit, the role of a court is a very limited one. *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981). Economic regulation and social legislation is presumed to be constitutional. *U.S. v. Carolene Products, supra,* 304 U.S. at 152, 58 S.Ct. at 158. In addition, when the legislation confers monetary benefits, courts should grant a "strong presumption of constitutionality," because "Congress should have discretion in deciding how to expend necessarily limited resources." *Schweiker v. Wilson, supra,* 450 U.S. at 238, 101 S.Ct. at 1084, *citing Mathews v. De Castro*, 429 U.S. 181 at 185, 97 S.Ct. 431 at 434, 50 L.Ed.2d 389. Because of this presumption of constitutionality, a plaintiff challenging a classification on equal protection grounds must show that the legislative facts on which the classification is apparently based "could not reasonably be conceived to be true by the governmental decisionmaker." *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 464, 101 S.Ct. 715, 723, 66 L.Ed.2d 659 (1981), citing *Vance v. Bradley*, 440 U.S. 93 at 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979); *Western & Southern Life Ins. Co. v. State Bd. of Equalization of California*, 451 U.S. 648, 671-4, 101 S.Ct. 2070, 2084-6, 68 S.Ct. 514 (1981).

The narrow scope of judicial review of economic and social legislation substantially narrows the kinds of evidence that are material to the determination of constitutionality. "So long as the classificatory scheme chosen by Congress rationally advances a reasonable and identifiable governmental objective, ... [judges] ... must disregard the existence of other methods of allocation that [they], as individuals, perhaps would have preferred." *Schweiker v. Wilson, supra,* 450 U.S. at 235, 101 S.Ct. at 1083. Consequently, the wisdom of the means chosen by Congress is not properly at issue. *Vance v. Bradley*, 440 U.S. 93, 109, 99 S.Ct. 939, 948, 59 L.Ed.2d 171

(1979). Furthermore, a Court may not properly hear evidence intended to show that the legislature was mistaken in its empirical assumptions. "Where there was evidence before the legislature reasonably supporting the classification, litigants may not procure invalidation of the legislation merely by tendering evidence in court that the legislature was mistaken." *Minnesota v. Clover Leaf Creamery Co., supra,* 449 U.S. at 464, 101 S.Ct. at 723.

■ In a proper case, a motion to dismiss a constitutional attack upon economic or social legislation can be granted. This Court is of the opinion that where "it is evident from all the considerations presented to Congress, and those of which ... [a court] ... may take judicial notice, that the question is at least debatable" a motion to dismiss can properly be granted. *United States v. Carolene Products Co., supra,* 340 U.S. at 154, 58 S.Ct. at 784; *Vance v. Bradley, supra,* 440 U.S. at 109–112, 99 S.Ct. at 948–950; *Minnesota v. Clover Leaf Creamery Co., supra,* 449 U.S. at 464, 101 S.Ct. at 723. If it appears plainly from the challenged statute itself, the accompanying legislative history and from facts of which the Court may take judicial notice that Congress made a deliberate choice and had a reasonable basis for that choice, the complaint should be dismissed. *See e.g., Delbay Pharmaceuticals, Inc. v. Dept. of Commerce,* 409 F.Supp. 637 (D.D. C.1976); *Schweiker v. Wilson, supra,* 450 U.S. at 235, 101 S.Ct. at 1083. In these circumstances, in light of well-established legal principles, nothing that the plaintiffs can present in evidence can invalidate the statute.

■ The Court has examined the statute itself, the accompanying legislative history and considered the arguments of the parties. For the following reasons, the Court concludes that upon the record properly before it, defendant's motion to dismiss should be granted.

First, "(w)here a legitimate purpose for a statute appears in the legislative history or is implicit in the statutory scheme itself, a court has some assurance that the legisla-

ture made a conscious policy choice." *Schweiker v. Wilson, supra,* at 244, 101 S.Ct. at 1087 (Powell, J. dissenting). In the instant case, it is plain that Congress drew the challenged distinction in the pursuit of a legitimate objective. The statute itself, 42 U.S.C. § 1395ww(d)(2), is deliberately drafted around a distinction between rural and urban hospitals. It is inconceivable that this distinction is an unintended consequence of the pursuit of other goals, a technical or drafting error, or aberration of the legislative process. The legislative history also makes clear that Congress intended to draw this distinction. *See* Sen.Rep. 98–23, 98th Cong., 1st Sess., *reprinted in* 1983 U.S.Code Cong. & Ad.News 143, 189; H.R. 98–25, 98th Cong., 1st Sess., *reprinted in* 1983 U.S.Code Cong. & Ad.News 219, 353. Thus, there can be no doubt that Congress made a deliberate choice in drawing the rural/urban distinction.

Second, it appears clearly from the legislative history that Congress had a reasonable basis for this choice. As it was originally proposed by the administration, the legislation did not require the calculation of separate averages for rural and urban hospitals. The change was made when Congress was informed by the Congressional Budget Office that the proposed legislation would have very uneven effects on rural and urban hospitals. Medicare Hospital Prospective Payment System: Hearings Before the Subcomm. on Health of the House Comm. on Ways and Means, 98th Cong., 1st Sess. 8–9 (statement of Nancy Gordon, Assistant Director for Human Resources and Community Development, Congressional Budget Office). In addition, Congress had before it statistical projections of the impact of prospective payment upon rural and urban hospitals when it enacted the prospective payment system. *See* statement of Nancy Gordon, *supra,* at p. 11, Table 1. Finally, the Secretary was instructed as part of her 1985 Annual Report to Congress to study the feasibility and impact of phasing out or eliminating separate rural and urban prospective payment rates. H.R. 98–25, *supra,* at 369.

The basis for Congress' action substantially exceeds that required by the equal protection guarantee against arbitrariness. *See Vance v. Bradley, supra,* 440 U.S. at 110, 99 S.Ct. at 949.

It follows that defendant's motion to dismiss plaintiffs' equal protection claim should be GRANTED.

## IV.

Plaintiffs also allege that section 1395ww(d)(2) violates their due process rights under the Fifth Amendment because it amounts to an uncompensated taking of property. However, reduced compensation to providers under Medicare does not amount to a taking. *Indiana Hospital Ass'n v. Schweiker,* 544 F.Supp. 1167, 1183–1185 (S.D.Ind.1982). Defendant's motion to dismiss this claim is GRANTED.

WHEREUPON, upon consideration and being duly advised, this Court determines that defendant's motion to dismiss for lack of jurisdiction is without merit and, therefore, is DENIED; the Court further determines that defendant's motion to dismiss plaintiffs' constitutional claims is meritorious and, therefore, is GRANTED. This case is dismissed in its entirety.

IT IS SO ORDERED.