MICHIGAN ACADEMY OF FAMILY
PHYSICIANS, et al.,
Plaintiffs-Appellees,

v.

BLUE CROSS AND BLUE SHIELD OF MICHIGAN and Richard S. Schweiker, Secretary of Health and Human Services, Defendants-Appellants.

No. 81–1202.

United States Court of Appeals,
Sixth Circuit.

Decided March 19, 1985.

Michele Coleman Mayes, Asst. U.S. Atty., Leonard R. Gilman, U.S. Atty., Detroit, Mich., Thomas Stuber, argued, Dept. of Health & Human Services, Baltimore, Md., for defendants-appellants.

Alan Gilchrist, argued, Frimet, Bellamy & Gilchrist, Detroit, Mich., for plaintiffs-appellees.

Steven B. Epstein, Stuart M. Gerson, Washington, D.C., for amicus curiae American Soc. of Internal Medicine.

Before JONES, Circuit Judge, PECK and BROWN, Senior Circuit Judges.

### ORDER

**I. Prior Decision and Present Posture of the Case.**

In our initial opinion herein, 728 F.2d 326 (6th Cir.), *vacated and remanded,* —— U.S.

——, 105 S.Ct. 65, 83 L.Ed.2d 16 (1984), we held that a regulation promulgated by the Secretary of Health and Human Services ("Secretary"), 42 C.F.R. § 405.504, violated the language of the Medicare Act as set forth at 42 U.S.C. § 1395u(b)(3) (reimbursement if for "similar services"). In reaching this decision, we held that the district court (and this court) had jurisdiction to hear the challenge brought by the plaintiff, Michigan Academy. Our opinion stated that the challenge to the regulation was based on both statutory and constitutional grounds and was not simply "a challenge to an individual amount of reimbursement." 728 F.2d at 331.[1]

Following consideration of the remand by the Supreme Court, we entered a similar order remanding the case to the district court for reconsideration in the light of *Heckler v. Ringer*, 466 U.S. ——, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). 751 F.2d 809. Appellees thereupon petitioned for reconsideration of our remand order, and it is that petition, accompanied by extensive briefs, which is presently before us.

The only issue relevant on remand is that of jurisdiction. In the prior decision we held that federal question jurisdiction existed to hear the challenge under 28 U.S.C. § 1331. As an initial point, we rejected the contention that 42 U.S.C. § 1395ff, which authorizes administrative review of eligibility determinations under Part B of the Medicare Act, implicitly limited review in the federal courts.[2]

We went on to hold that 42 U.S.C. § 405(h), as incorporated in the Medicare Act by 42 U.S.C. § 1395ii, did not specifically prohibit judicial review of a statutory or constitutional challenge to a regulation promulgated under the Medicare Act. 728 F.2d at 330–31. In reaching this decision we distinguished *Weinberger v. Salfi*, 422

U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (claims arising under Social Security Act can be reviewed only under § 405(g) procedures) and *Herzog v. Secretary*, 686 F.2d 1154 (6th Cir.1982) (no judicial review for statutory challenges to amount of reimbursement under Part B). 728 F.2d at 331. The basis for the distinction was two-fold: (1) the challenge mustered by Michigan Academy involves not an amount of reimbursement but the promulgation of a regulation; and (2) a contrary decision would preclude any judicial review.

## II. Heckler v. Ringer.

In *Ringer, supra*, the Supreme Court, construing § 405(h) as incorporated in the Medicare Act, held that § 405(g)—to the exclusion of 28 U.S.C. § 1331 (federal question jurisdiction)—"is the sole avenue for judicial review for all 'claim(s) arising under' the Medicare Act." 466 U.S. at ——, 104 S.Ct. at 2021 (*citing Salfi*, 422 U.S. at 760–61, 95 S.Ct. at 2464–65). The court stated that the "claim arising under" language should be construed quite broadly as applying to claims in which "both the standing and the substantive basis for the presentation" of the claims is the Medicare Act. 466 U.S. at —— – ——, 104 S.Ct. at 2021–2022 (noting that in *Salfi* a constitutional challenge to the statute had been construed as "arising under" the Social Security Act, although in some sense it had also arisen under the Constitution, the "substantive" claim was for benefits).

*Ringer* is factually distinct from the instant case. *Ringer* involved two sets of claimants for benefits under Part A of the Medicare Act. The claimants sought reimbursement for bilateral carotid body resection; one group had already had the surgery and was requesting reimbursement, while the other group was comprised of

---

**1.** Michigan Academy contended that the regulation, which authorized Medicare providers such as Blue Cross to set distinct prevailing charges for identical services when performed by different types of physicians, was contrary to the Medicare Act as well as violative of the Equal Protection and Due Process Clauses of the Constitution.

**2.** In reaching its decision in *Heckler v. Ringer, infra*, the Supreme Court did not rely on § 1395ff. *See United States v. Erika, Inc.*, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982) (only review of eligibility issues under Part B of Medicare Act is provided by § 1395ff).

individuals who desired but had not had the surgery. The Secretary had issued, however, an administrative instruction that no Medicare payment was to be made for this surgery to relieve respiratory distress. The claimants claimed that the instruction (and a subsequently promulgated regulation to the same effect) was contrary to statute and the Constitution. The group that had had the surgery had not fully exhausted the administrative remedy afforded by § 405(g).

In addition to holding that § 405(g) is the sole avenue for judicial review of claims arising under the Medicare Act, the Court held that the "claims" of both groups "arose under" the Medicare Act. The Court rejected a distinction between the "substantive claim" for benefits and the "procedural challenge" and held that the procedural claims were "inextricably intertwined" with the claims for benefits. At ———–———, 104 S.Ct. at 2020–2021.

The Court finally considered whether claimant Ringer, who had not yet had the surgery and "did not yet have a 'claim' to present to the Secretary" was barred by § 405(h)'s "claim arising under" bar. The Court held that a "claim for future benefits must be construed as a 'claim arising under' the Medicare Act...." At ———–———, 104 S.Ct. at 2025–2026.

On October 1, 1984, the Supreme Court vacated and remanded our decision herein for reconsideration in light of *Ringer.*

### III.  Issue on Remand

**Did the Supreme Court's decision in *Ringer* dictate a determination that a group of physicians who are not seeking Medicare Part B benefits have no avenue of judicial review?**

### IV.  Discussion

#### A.  Position of Michigan Academy

The principal argument made by Michigan Academy is that *Ringer* is inapplicable to a challenge by Medicare providers to a regulation promulgated by the Secretary,

rather than challenging the existence of a payment or a payment level by a Medicare claimant. Michigan Academy notes that a § 405(g) administrative review was not available to it, as it is to individual claimants. Consequently, in the absence of federal question jurisdiction, it has no opportunity for judicial review, a result that is claimed to raise serious constitutional questions.

Although Michigan Academy does not phrase its position in precisely this form, it seems apparent that it is arguing that the challenges it raises on statutory and constitutional grounds are not "claims arising under" the Medicare Act for purposes of § 405(h). The issue thus created is whether "claims" are limited to substantive requests or apply more broadly to any challenge. Michigan Academy notes that the Supreme Court has itself exercised federal question jurisdiction to hear a constitutional challenge to the administrative review process provided for the Social Security Act. *Schweiker v. McClure,* 456 U.S. 188, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982).

Michigan Academy finally notes that Judge Kinneary, United States District Court for the Southern District of Ohio, subsequent to *Ringer,* held that *Ringer* did not foreclose judicial review to challenges to the Medicare Act where the challenge was advanced by a party other than a claimant for benefits. *Good Samaritan Medical Center v. Heckler,* 605 F.Supp. 19 (1984). Michigan Academy contends that this analysis is accurate and should be followed.[3]

#### B.  The Response of the Secretary

The position of the Secretary is that Michigan Academy cannot obtain judicial review of its claims because under *Erika* and *Ringer* judicial review for claims arising under the Medicare Act exist only where there is an explicit grant of jurisdiction. The Secretary cites footnote 4 of *Ringer* as controlling and compelling dismissal of Michigan Academy's action be-

---

**3.**  An appeal to this court has been perfected.

**94**

cause the Supreme Court rejected the individual Part B claims, even when characterized as collateral constitutional challenges, as more than a claim for benefits. The Secretary argues that the claim of Michigan Academy is, in reality, a claim for benefits.

The Secretary also argues that Michigan Academy's claim that the absence of judicial review is contrary to constitutional principles was rejected by the Supreme Court when it held that *Salfi* did not stand for the principle that § 405(h) must be construed in light of whether jurisdiction exists under § 405(g). The Secretary next argues that there are alternative means of review: (1) a claimant could seek a higher rate for payment to a family physician; (2) Michigan Academy can petition for amendment or repeal pursuant to 5 U.S.C. § 553(e); (3) the Secretary reviews the performance of carriers such as Blue Cross; and (4) the Secretary on occasion reviews an individual determination.

**V. Conclusion**

The narrow issue before us is one of first impression and presents a close question. The contra arguments of the Secretary are not unpersuasive, but we incline to the time-honored view that a right cannot exist in a vacuum and that for every right there must be a remedy. As we said in our earlier opinion herein, "Given the presumption favoring judicial review and absent a clear and convincing showing that Congress intended the contrary, we conclude that [federal question jurisdiction exists under 28 U.S.C. § 1331]." 728 F.2d at 331. We further conclude, as did Judge Kinneary in *Good Samaritan Medical Center v. Heckler, supra,* that the Supreme Court in *Heckler v. Ringer, supra,* did not proscribe judicial review to challenges to the Medicare Act where the challenge was made by a party other than a claimant for benefits.

Since for the reasons herein above set forth we conclude that the opinion of the Supreme Court in *Heckler v. Ringer, supra,* is not inconsistent with our opinion,

the petition for rehearing is granted and it is hereby ordered that our order of November 5, 1984 remanding this cause to the district court with instructions to dismiss be, and it hereby is, rescinded, and that the opinion of this court filed February 23, 1984, 728 F.2d 326, be and it hereby is reaffirmed.