**ASSOCIATION OF SEAT LIFT MANUFACTURERS, a Trade Association, Plaintiff,**

**v.**

**Margaret HECKLER, Secretary of the Department of Health & Human Services, et al., Defendants.**

**No. 85–1043–CV–W–6.**

United States District Court, W.D. Missouri, W.D.

Oct. 23, 1985.

Frederick Walters, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, P.C., Kansas City, Mo., for plaintiff.

Paul Caciopa, Kansas City, Mo., Judith Strong, Ass't. U.S. Atty., Kansas City, Mo., for defendants.

**MEMORANDUM AND ORDER**

SACHS, District Judge.

Plaintiff, an association of seat lift manufacturers, suppliers of equipment prescribed by doctors for patients suffering from arthritis and other health conditions, seeks to challenge the method used for determining the reasonable cost of such equipment, for Medicare reimbursement purposes. Plaintiff contends that defendants have arbitrarily selected prices of

$749.95 for Missouri and $763.00 for Iowa by using quotations appearing in Sears, Roebuck catalogues. This effects a cost reduction in Iowa that exceeds $500.00.

Part B Medicare coverage may be used to obtain reimbursement for the reasonable cost of seat lifts prescribed in certain circumstances. Plaintiff and its members are not direct claimants, however, except on certain "assigned claims." The Secretary of Health and Human Services challenges plaintiff's standing to sue and disputes the court's jurisdiction.

Plaintiff seeks a preliminary injunction and a hearing has been scheduled. The court has determined, however, that suit may not be maintained. Because this controversy is unlikely to be resolved by a single judge, a prompt and somewhat sketchy opinion is being filed.

The statutory scheme allows direct claimants to Medicare Part B coverage to appeal administratively from adverse actions, but they may not thereafter litigate to challenge the Secretary's decisions, except when they present constitutional questions. *Hatcher v. Heckler*, 772 F.2d 427 (8th Cir. 1985).[1] The Sixth Circuit has ruled, however, that a supplier that is not authorized to seek administrative remedies as a claimant may seek judicial relief. *Michigan Academy of Family Physicians v. Blue Cross and Blue Shield of Michigan*, 757 F.2d 91 (6th Cir.1985). Certiorari has been granted in that case. *Heckler v. Michigan Academy*, — U.S. —, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985). No subject matter jurisdiction exists when there is a "claim arising under" the Medicare Act, except where there is a specific provision for judicial review. 42 U.S.C., § 405(h); *Hatcher v. Heckler, supra.*

Although *Michigan Academy*, if it stands, would seemingly favor jurisdiction, an alternate theory for summarily rejecting judicial relief is that the ultimate suppliers have no standing to sue, not being within the "zone of interest" contemplated by Congress in enacting the legislation. *New Jersey Speech-Language-Hearing Association v. Prudential Insurance Company*, 724 F.2d 383 (3rd Cir.1983). An Eighth Circuit decision seems to anticipate such a ruling where ordinary commercial concerns are in question. *Granville House v. Dept. of Health & Human Services*, 715 F.2d 1292, 1299 (8th Cir.1983). In *Granville House*, Judge Heaney wrote:

> HHS correctly notes that other courts have stated that the very similar Medicare statute was enacted to benefit patients, not to benefit or subsidize providers. *See, e.g., Dialysis Centers, Ltd. v. Schweiker*, 657 F.2d 135, 138 (7th Cir. 1981). *See also Pennsylvania Pharmaceutical Ass'n v. Department of Public Welfare*, 542 F.Supp. 1349, 1355–1356 (W.D.Pa.1982) (Medicaid Act not intended to benefit pharmacists who sought to challenge rate of reimbursement for prescriptions).

Although there may be good public policy reasons to allow litigation testing claims of serious bureaucratic blunders (*see* dissent of Judge Weis in *New Jersey Speech-Language-Hearing Assoc., supra* ), I do question the rationale of *Michigan Academy*. It is difficult to see how Congress, having closed the judicial doors to nonconstitutional questions presented by Medicare Part B claimants, can be said to have left the door ajar for litigation by the suppliers of such claimants.

Discretion causes me to avoid direct challenge to an appellate panel (in *Michigan Academy* ) and I therefore rule that plaintiff lacks standing, as the majority decided in the *New Jersey* case.

Although the defendants cited *New Jersey* in their brief, plaintiff fails to distinguish that decision or to urge the court that it was wrongly decided. Plaintiff does cite an earlier district court decision hold-

---

1. In its brief filed October 22, 1985, plaintiff generally asserts due process and equal protection violations. It does not, however, supply authorities in support of a constitutional challenge in the section of its brief justifying its statement of a claim upon which relief can be granted. The controversy appears to concern whether defendants "complied with all applicable statutes, regulations, and guidelines in determining the 'reasonable charge' for seatlift charges ..." Plaintiff's brief, page 38.

ing that a supplier of medical equipment that may be needed by Medicare patients is within the "zone of interest" so as to sustain standing to sue over the allowable rate for its product, because "unless hospitals and the suppliers of medical products are assured of a reasonable rate in compensation for their products and services, those products and services will not be forthcoming. In the end, the primary beneficiary—the patient—will suffer." *Pacemaker Monitor Corp. v. United States Government*, 440 F.Supp. 473, 484 (S.D.Fla.1977). While this rationale is not without appeal, it was rejected by the Third Circuit in the *New Jersey* case, 724 F.2d at 387, and by a district court in a 1982 decision. *Pennsylvania Pharmaceutical Ass'n v. Department of Public Welfare*, 542 F.Supp. 1349, 1355-6 (W.D.Pa.1982) ("If a provider finds participation in the program unprofitable he should withdraw from the program. *Minnesota Ass'n of Health Care Facilities, Inc. v. Minnesota Dept. of Public Welfare*, 602 F.2d 150 (8th Cir.1979) ... Congress did not vest the pharmaceutical plaintiffs with an interest to challenge a state's payment schedules ..."). The *Pennsylvania* case was, in turn, cited with apparent approval in *Granville House, supra*. The weight of authority, therefore, is currently contrary to the *Pacemaker* decision, which is plaintiff's strongest case on the question of standing.

Plaintiff further contends that *Granville House* is somewhat favorable to its claim to standing because it asserts its interest in this case is "not simply financial." It seems uncontestable, however, that plaintiff is seeking a higher price for its members' merchandise than would be paid using the Sears catalogue price, and the members, unlike the plaintiff in *Granville House*, are engaged in ordinary business pursuits.

Because plaintiff lacks standing to sue in this case, judgment should be entered in favor of defendants. SO ORDERED.