OHIO HOSPITAL ASSOCIATION,
et al., Plaintiffs,

v.

Margaret HECKLER, et al., Defendants.

No. C-2-84-1925.

United States District Court,
S.D. Ohio, E.D.

Feb. 20, 1986.

Duke W. Thomas, Vorys, Sater, Seymour and Pease (Nanci L. Danison, of counsel), Columbus, Ohio, for plaintiffs.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, Carol Kozad Hughes, Asst. Reg. Atty., U.S. Dept. of Health & Human Services, Chicago, Ill., for defendants.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider the motion of the defendants to dismiss and the motion of the plaintiffs for summary judgment.

The plaintiffs in this action are the Ohio Hospital Association and eight hospitals that are providers of hospital-based skilled nursing facility services. The defendants are Otis Bowen, Secretary of Health and Human Services; Carolyne Davis, Administrator of the Health Care Financing Administration; and James L. Miller, Director of the Office of Management.[1] Jurisdiction of this Court is grounded upon 28 U.S.C. §§ 1331 and 1361. Complaint, ¶ 2.[2]

According to the complaint, prior to 1982, the amount of reimbursement of providers of skilled nursing care facilities services was calculated separately for freestanding skilled nursing facilities and hospital-based skilled nursing care facilities. Plaintiffs refer to this method of computation as a "dual reimbursement limit methodology." *Id.*, ¶ 10. In 1982, the Social Security Act was amended by the Tax Equity and Fiscal Responsibility Act of 1982 to require the Secretary to establish a single reimbursement limit for providers of both hospital-based and free-standing skilled nursing care facilities. This single limit was to be effective on or after October 1, 1982. *Id.*, ¶ 11. Regulations were subsequently pub-

---

1. When this action was filed, Margaret Heckler, then Secretary of Health and Human Services, and David Stockman, then Director of the Office of Management and Budget, were named as defendants. Their successors are automatically substituted pursuant to Fed.R.Civ.P. 25(d)(1).

2. Plaintiffs also state that jurisdiction rests upon the declaratory judgment statute, 28 U.S.C. § 2201. However, it is settled that § 2201 makes available a remedy but does not affect jurisdiction. *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950).

lished in the *Federal Register* to implement this change in the law.

However, further amendments to the Social Security Act in 1983 changed the effective date of the single reimbursement limit method from October 1, 1982 to October 1, 1983. As a result, the dual reimbursement limits continued in effect until October 1, 1983. Subsequently, yet another change was made in the law. In the Deficit Reduction Act of 1984, Congress amended the Social Security Act to mandate again a dual reimbursement limit method. Complaint ¶ 14.

Plaintiffs complain that the defendants have arbitrarily and capriciously failed to implement the statutory changes made in 1983 and 1984 by failing to repeal the single reimbursement limit regulations published in the *Federal Register* in 1982, and by failing to promulgate regulations implementing the dual reimbursement limits method. *Id.*, ¶ 15. Plaintiffs further allege that defendants have arbitrarily and capriciously failed to reimburse providers of hospital-based skilled nursing facility services at the required dual rates. *Id.*, ¶ 16. As a result, plaintiffs state, they have suffered and will continue to suffer financial injury because they are not being reimbursed at the higher rate. Plaintiffs seek declaratory relief and a mandamus compelling the defendants to promulgate regulations implementing dual reimbursement limits.

The Medicare Act sets forth a procedure for administrative resolution of disputes over reimbursement and judicial review of these administrative actions. Reimbursement of a provider by the Secretary is accomplished through a "fiscal intermediary," an agency that is under contract with the Secretary to handle reimbursements. 42 U.S.C. § 1395h. A claim for reimbursement by a provider is first made to the fiscal intermediary, which investigates the claim and issues an initial determination of the amount of reimbursement, known as a "Notice of Program Reimbursement." A provider who is dissatisfied with the determination of the fiscal intermediary, or who

has not received a timely determination despite filing the required reports, may appeal to the Provider Reimbursement Review Board ("PRRB"). 42 U.S.C. § 1395oo (a). Finally, the decision of the PRRB may be reviewed by the Administrator of the Health Care Financing Administration. The decision of the PRRB, or the Administrator if she has intervened, is then subject to review in district court. 42 U.S.C. § 1359oo (f). Judicial review is governed by the provisions of the Administrative Procedure Act for review of administrative action. 42 U.S.C. § 1359oo (f)(1). Defendants contend that plaintiffs cannot bring this case as an original action, but must first present their claim to the PRRB and then seek review in this Court.

In support of this contention, plaintiffs rely upon certain provisions of the Medicare statute pertaining to judicial review. The Medicare statute incorporates by reference the provisions pertaining to judicial review of Federal Old Age, Survivors and Disability Insurance Benefits. 42 U.S.C. § 1395ii. Specifically incorporated is the following provision:

> The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 on any claim arising under this subchapter.

42 U.S.C. § 405(h). Although this statutory provision refers to "individuals," it is applicable to service providers. *Good Samaritan Medical Center v. Secretary of Health and Human Services*, 776 F.2d 594, 597 n. 6 (6th Cir.1985). Defendants contend that this provision bars plaintiffs' action in this Court and, consequently, that this Court should dismiss plaintiffs' complaint for want of jurisdiction.

In *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), the Supreme Court wrote:

> The third sentence of 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all "claim[s] arising under" the Medicare Act.

*Id.* at 614, 104 S.Ct. at 2021, quoting *Weinberger v. Salfi,* 422 U.S. 749, 760–761, 95 S.Ct. 2457, 2464–2465, 45 L.Ed.2d 522 (1975). Thus, the Court continued, the sole question in determining whether § 405(h) bars federal question jurisdiction is whether the claim arises under the statute. In determining whether the claim arises under the statute, it must be inquired whether the Social Security Act provides "both the standing and the substantive basis for the presentation" of the claim. *Id.,* at 615, 104 S.Ct. at 2022, quoting *Weinberger v. Salfi,* 422 U.S. at 760–761, 95 S.Ct. at 2464–2465.

In *Good Samaritan Medical Center v. Secretary of Health and Human Services, supra,* the Court of Appeals followed *Ringer* to hold that a district court lacked jurisdiction to hear an original action challenging the constitutionality of certain practices of the Secretary pertaining to reimbursement of providers of hospital services. The plaintiffs contended that the Secretary had failed properly to follow regulations that she had promulgated, leading her to calculate reimbursement rates improperly. This failure, plaintiffs argued, violated the equal protection clause. The Court of Appeals concluded that, notwithstanding the constitutional claim of the plaintiffs, the complaint was really about reimbursement rates. *Id.* at 598. Consequently, it arose under the Medicare Act and was barred as an original action by § 405(h).

The Court can only construe plaintiffs' complaint as a claim regarding reimbursement amounts. While it is true that plaintiffs are seeking declaratory and injunctive relief, and do not directly demand reimbursement of Medicare monies, their ultimate complaint is about the rate at which they will be reimbursed for providing certain services. *Compare Good Samaritan Medical Center v. Secretary of Health and Human Services, supra,* at 598. The fact that plaintiffs are not seeking an immediate reimbursement is irrelevant. *Heckler v. Ringer, supra,* 466 U.S. at 621, 104 S.Ct. at 2025. It is clear that plaintiffs seek to establish a right to future reimbursement at a higher level than they fear the Secretary may permit. *Compare id.,* at 618, 104 S.Ct. at 2023. It could not be said that plaintiffs' complaint about the Secretary's failure to promulgate regulations is "entirely collateral to [their] substantive claim of entitlement," *Mathews v. Eldridge,* 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976). Thus, the Court concludes that plaintiffs seek in this action to litigate the amount of reimbursement that they are owed, and, accordingly, that their claims arise under the Medicare Act.

Plaintiffs argue that, in the circumstances present here, resort to the administrative process is impossible and, further, is futile. Thus, they reason, exhaustion of administrative remedies should not be required in the instant case. Plaintiffs argue that resort to the administrative process is impossible because they cannot receive a Notice of Program Reimbursement from the fiscal intermediary because the Secretary has instructed intermediaries not to make final settlement until new regulations have been issued. *See* Ex. A to Plaintiffs' Motion for Summary Judgment. Lacking a Notice of Program Reimbursement, plaintiffs contend, they cannot pursue their administrative remedies. This argument is without merit, for plaintiffs may receive a hearing before the PRRB if they do not receive a final determination from an intermediary on a timely basis after making the required filing. 42 U.S.C. § 1395oo (a)(1)(B).

Plaintiffs also contend that resort to the administrative process would be futile because the PRRB cannot provide the relief they seek, promulgation of regulations. Even if this is true, it does not entail that plaintiffs should not be required to present

their claim to the PRRB. As the Sixth Circuit explained in *Good Samaritan Medical Center v. Secretary of Health and Human Services, supra,* "[i]t is irrelevant that the Board may not be able to provide the relief that they [*i.e.* plaintiffs] seek." *Id.* at 599. Exhaustion of administrative remedies provides the agency with an opportunity to correct its mistake, if a mistake has been made. In addition, the administrative proceedings create a record for subsequent judicial review, should that prove necessary. Also, it is possible that the claims will be found invalid for some other reason. Further, the bar of § 405(h) is jurisdictional in nature; thus, it is more than a codification of a requirement of administrative exhaustion. *Weinberger v. Salfi,* 422 U.S. 749, 756–762, 95 S.Ct. 2457, 2462–2465, 45 L.Ed.2d 522 (1975).

Plaintiffs also argue that § 405(h) should not be interpreted to bar an action challenging the legality of the actions of the Secretary by providers of services under Medicare. They rely upon *Michigan Academy of Family Physicians v. Blue Cross and Blue Shield of Michigan,* 757 F.2d 91 (6th Cir.), *cert. granted,* —— U.S. ——, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985) to support this contention. This reliance is misplaced. In *Good Samaritan Medical Center v. Secretary of Health and Human Services, supra,* the Court of Appeals distinguished *Michigan Academy* as applying only to disputes arising under Part B of the Medicare Act. In actions arising under Part A of the Act—as both the instant case and *Good Samaritan* do—§ 1331 jurisdiction is barred. *Id.* at 597–598.

▮ Finally, plaintiffs argue that, even if this Court lacks jurisdiction over this action under § 1331, it nonetheless has jurisdiction to issue a mandamus under 28 U.S.C. § 1361. The statute provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Plaintiffs contend that the precedent of the Supreme Court leaves open the question whether mandamus jurisdiction is barred by § 405(g). They also contend that nearly every federal circuit has determined that mandamus jurisdiction is available in Social Security cases. Upon consideration, the Court concludes that plaintiffs have overstated the matter. In the circumstances of this case, the Court concludes, it lacks jurisdiction to entertain plaintiffs' action under § 1361.

Contrary to the suggestion of the plaintiffs, the Supreme Court did reach the issue of the availability of mandamus jurisdiction in *Heckler v. Ringer, supra.* For purposes of its discussion, the Court divided the respondents in the case into two groups. The respondents, plaintiffs in the courts below, sought a judicial determination that a particular surgical procedure should be reimbursed under Medicare. On October 28, 1980, the Secretary, in the exercise of her rule-making authority, had issued a formal administrative ruling prohibiting payment for the procedure at issue in the case. Three of the respondents had undergone the surgery prior to the issuance of the formal ruling, and had requested reimbursement at some, although not all, levels of the administrative process. The formal ruling did not apply to these respondents. On the other hand, respondent Ringer had not yet undergone the surgery. He sought a declaration that formal ruling of the Secretary was invalid. Ringer had not presented his claim to the agency.

As to the first group of respondents, those who had already undergone the surgical procedure, the Court held that they could not pursue their claims under § 1361. Although the Court did not decide whether § 405(h) foreclosed mandamus jurisdiction in all Social Securities cases, it concluded that the complaint must be dismissed in the case before it.

> The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of

relief and only if the defendant owes him a clear nondiscretionary duty.

*Id.* 466 U.S. at 616, 104 S.Ct. at 2022. In the circumstances before it, the Court concluded that respondents had an adequate remedy in the administrative proceeding to pursue their claim for reimbursement and to challenge the Secretary's formal ruling. *Id.*

Respondent Ringer, who had not yet had the surgery, was also held to be unable to proceed under mandamus jurisdiction. Like the plaintiffs in the instant case, Ringer had not yet presented his claim to the agency. If he were to have the surgery, his claim for reimbursement would be covered by the formal ruling issued by the Secretary. It would appear that Ringer could not prevail in the administrative process, for, even if all other prerequisites for reimbursement were met, he would still be barred by the formal ruling. Of course, Ringer could lose on grounds other than the formal ruling. The Court held that Ringer's "claim for future benefits" could not be presented to the district court in an original action under the court's mandamus jurisdiction. *Id.* at 621, 104 S.Ct. at 2025. The reason is that Ringer had an adequate remedy in the administrative process. This result and reasoning appears to foreclose plaintiffs' action in this Court.

Plaintiffs cite a large number of decisions of courts of appeals holding that § 405(h) does not bar mandamus jurisdiction. Upon consideration of these cases, the Court can only conclude that the plaintiffs can draw little support from them in the circumstances of the instant case. In the great number of cases so cited, it is clear that the court permitted the exercise of mandamus jurisdiction in the case of a claim that it characterized as wholly procedural. For instance, in what is perhaps the leading case on the subject, *Ellis v. Blum,* 643 F.2d 68 (2d Cir.1981), the Court of Appeals, through Judge Friendly, held that mandamus jurisdiction was available to review a challenge by a recipient of disability benefits to the adequacy of telephonic notices of termination of benefits. The Court

wrote: "the plaintiff in this case ... raises only a procedural challenge, the adjudication of which will not affect the substantive question of continued entitlement to disability benefits." *Id.* at 82. It is plain that the Court's conclusion that a district court had jurisdiction to issue a mandamus notwithstanding § 405(h) depended critically upon this characterization. *Id.* at 78–82.

Thus, the Court is of the opinion that *Ellis v. Blum* does not support plaintiffs' contention that mandamus jurisdiction is proper in the instant case. Rather, it permitted such jurisdiction to be exercised in the case of a procedural constitutional challenge which was collateral to a claim for benefits. Most of the cases cited by the plaintiffs are similar. *Ryan v. Shea,* 525 F.2d 268 (10th Cir.1975) (evidentiary hearing prior to withholding disability benefits); *Belles v. Schweiker,* 720 F.2d 509 (8th Cir. 1983) (notice and hearing of alleged overpayments of benefits); *Kuehner v. Schweiker,* 717 F.2d 813 (3d Cir.1983), *vacated,* 469 U.S. 977, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984) (procedures used to terminate benefits). In two cases cited by plaintiffs, courts of appeals held that mandamus jurisdiction could be relied upon only to the extent that relief could be granted to members of a plaintiff class who were barred from presenting their claims to the Secretary for procedural reasons. *City of New York v. Heckler,* 742 F.2d 729 (2d Cir.1984); *Lopez v. Heckler,* 725 F.2d 1489 (9th Cir.), *vacated,* 469 U.S. 1082, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984).

Plaintiffs also cite *Ganem v. Heckler,* 746 F.2d 844 (D.C.Cir.1984). There, the Court of Appeals considered an application for benefits by an Iranian national, who claimed entitlement to survivor benefits by virtue of the fact that her now deceased husband had worked in the United States for the required period of time. The statute requires, however, that the Secretary make a determination that the country of residence of such an alien not have a social insurance scheme that discriminates

against Americans before making benefit payments. *Id.* at 846. Due to strained relations between the United States and Iran, the Secretary was unable to make this determination through her usual method of direct contact with government officials of the foreign country. Thus, the plaintiff had waited five years without the determination being made.

The Court of Appeals held that there was jurisdiction over the action under § 1361 even though there was no jurisdiction under § 1331 or the Social Security Act itself. However, in concluding that mandamus could issue, the Court expressly found that the plaintiff has "exhausted all available administrative remedies." *Id.* at 850. Indeed, the government conceded that mandamus was the plaintiffs "only potential remedy." *Id.* at 853. *Ganem* should be read in light of the earlier decision of the same Court of Appeals in *Association of American Medical Colleges v. Califano*, 569 F.2d 101 (D.C.Cir.1977). There, the Court held that in an action by providers challenging regulations fixing limits upon cost reimbursement under Medicare, a district court could not exercise jurisdiction under § 1361 where the claims had not been first presented to the PRRB. *Id.* at 110–114. The language of *Ganem, supra,* at 850 indicates that the Court of Appeals did not intend to limit or qualify the holding of the earlier case.

For these reasons, the Court concludes that mandamus jurisdiction is not available to the plaintiffs in the circumstances of the present case. Although it is likely that mandamus jurisdiction *is* available in certain circumstances, plaintiffs have an adequate remedy within the meaning of *Heckler v. Ringer.* Accordingly, the Court concludes that it is without jurisdiction to entertain the present action on its merits.

WHEREUPON, upon consideration and being duly advised, the Court determines that the motion of the defendants to dismiss this action for want of jurisdiction is meritorious and it is, therefore, GRANT-

ED. The complaint is DISMISSED without prejudice.

IT IS SO ORDERED.