**Rosie WAKEFIELD, Plaintiff,**

v.

**MONSANTO COMPANY, Defendant.**

**No. 87–0478C(6).**

United States District Court,
E.D. Missouri.

May 18, 1988.

As Corrected May 24, 1988.

Louis Gilden, Norah J. Ryan, St. Louis, Mo., for plaintiff.

Thomas M. Hanna, Thomas O. McCarthy, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

This is an action for monetary and injunctive relief brought by plaintiff Rosie E. Wakefield ("Wakefield") against her present employer, defendant Monsanto Company ("Monsanto"). Wakefield, who is black, alleges that Monsanto intentionally discriminates against its black employees on the basis of race by providing them with lower pay, lower pay increases and less frequent promotions than its white employees in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Wakefield now moves for certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. For the following reasons, the Court grants Wakefield's motion in part and denies it in part.

### A. *Background*

In her second amended complaint, Wakefield alleges that, as a purported result of Monsanto's cutback and reorganization in 1985, she was removed from her position as a Warehouse and Distribution Clerk, replaced by a less qualified white, and given a temporary entry level position as an Accounting Support Clerk. She alleges that she subsequently applied for numerous permanent positions within Monsanto but was not selected for any of these positions due in part to her race and in part to her having filed previous charges of discrimination against Monsanto with the Equal Employment Opportunity Commission. She further alleges that Monsanto has intentionally instituted pay and promotional policies and practices which discriminate against its

black employees. As a consequence she alleges that she has received, as have Monsanto's other black employees, less pay, fewer pay increases and less frequent promotions than comparable white employees.

Wakefield now seeks to certify the following class:

> All black employees employed by defendant, at all St. Louis facilities of defendant Monsanto Company, who have been and continue to be discriminated against by reason of race, in receiving lower pay, lower increases in pay, and fewer and less frequent promotions than white employees.

The parties agree that the proposed class encompasses all black employees at Monsanto's World Headquarters Site, denominated by Monsanto as Pay Location 0021, which includes Monsanto's World Headquarters offices on both Lindbergh Boulevard and Warson Road in St. Louis as well as a number of small satellite facilities. In her memorandum in support of her motion, Wakefield requests the Court to sever the liability and damage phases of the litigation and to certify the liability phase as a Rule 23(b)(2) class action and, if the Court finds liability, to then certify the damage phase as a Rule 23(b)(3) class action.

**B. Class Hearing**

On December 2 and 3, 1987, the Court held a hearing to determine whether class certification is appropriate. Based on the evidence adduced at the hearing, the Court finds that Monsanto employs approximately 4,200 employees at its World Headquarters Site. (TR 29)[1] Of these 4,200 employees, approximately 1,200 employees occupy clerical and support staff or "non-exempt" positions and approximately 3,000 employees occupy professional and supervisory or "exempt" positions. (TR 248)[2] Approximately 397 of the 4,200 employees are black. See Pl. Ex. 1. Of these 397 employees, approximately 253 occupy clerical and

support staff or non-exempt positions. See Deft. Ex. N. Policies respecting pay and promotions for non-exempt employees are determined by the "site personnel network" while those for exempt employees are determined by the "personnel planners". (TR 224–78) The policies and procedures necessary to implement them are different for both groups. (TR 278) Qualified non-exempt employees may apply and are considered for exempt positions. (TR 275–76)

In addition to the foregoing, twenty-five prospective class members testified at the hearing. Of these prospective class members, twenty had either been employed or were currently employed in non-exempt positions and five had either been employed or were currently employed in exempt positions. They testified as to their respective claims relating to matters of pay and promotions. They expressed their desire to become members of the class and their belief that both Wakefield and her counsel would adequately represent their interests. Finally, Wakefield presented statistical evidence which arguably supported her claim that Monsanto's policies and practices with respect to pay and promotions have a disparate impact on blacks.

**C. Class Certification Under Rule 23**

Rule 23(a) establishes four prerequisites to the maintenance of a class action:

> (i) numerosity—that is, the class must be "so numerous that joinder of all members is impracticable;"

> (ii) commonality—that is, there must be present "questions of law or fact common to the class;"

> (iii) typicality—that is, the claims or defenses of the class representative must be "typical of the claims or defenses of the class"; and

> (iv) adequacy of representation—that is, the class representative must be in a

---

**1.** "TR" refers to the transcript of the class hearing, a copy of which has been placed in the Court file.

**2.** The parties have categorized the employees as "non-exempt" and "exempt" employees as these terms have been defined in the Fair Labor Stan-

dards Act, 29 U.S.C. § 201, et seq. Under Monsanto's existing job classification system, non-exempt employees have a job grade level of 29 and below and exempt employees have a job grade level of 30 and above.

position to "fairly and adequately protect the interests of the class."

The person seeking to represent the class bears the burden of demonstrating that all four prerequisites to the maintenance of the class action are satisfied. *Smith v. Merchants & Farmers Bank of West Helena,* 574 F.2d 982 (8th Cir.1978). In addition, he or she must satisfy one of the prerequisites of Rule 23(b). As to the liability phase of the litigation, Wakefield seeks certification under Rule 23(b)(2). Rule 23(b)(2) class certification is appropriate if the defendant has acted "on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." In determining whether to certify a class, the question before the Court "is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

In their respective memoranda, Wakefield argues that she has satisfied her burden in demonstrating that all prerequisites to Rule 23 have been met whereas Monsanto argues that Wakefield has failed to satisfy the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23(a). Upon review of the arguments of the parties, the Court finds that Wakefield, who is herself a non-exempt employee, has only satisfied the Rule 23 prerequisites as to Monsanto's non-exempt employees and accordingly will conditionally certify the proposed class only as to these employees.

### (i) *Numerosity*

The determination of whether a class is sufficiently large so as to render joinder of all its members impracticable must be made by the Court "in light of the particular circumstances of the case." *Arkansas Ed. Ass'n v. Board of Education of the Portland, Arkansas School District,* 446 F.2d 763, 765 (8th Cir.1971). Although no arbitrary rules regarding the necessary size of a class have been established, *Boyd v. Ozark Airlines, Inc.,* 568 F.2d 50, 54 (8th Cir.1977), a plaintiff must demonstrate that numerosity exists. *Belles v. Schweiker,* 720 F.2d 509, 515 (8th Cir.1983). *See also Tate v. Weyerhaeuser Co.,* 723 F.2d 598 (8th Cir.1983), *cert. denied,* 469 U.S. 847, 105 S.Ct. 160, 83 L.Ed.2d 97 (1984) (a class of seven is too small to require certification); *Tuft v. McDonnell Douglas Corp.,* 581 F.2d 1304 (8th Cir.1978) (separate classes of 13 and 11 are too small to require certification). However, a plaintiff need not specify an exact number of class members, but must only show "some evidence or reasonable estimate of the number of purported class members." *Linquist v. Bowen,* 633 F.Supp. 846, 858 (W.D. Mo.1986), *aff'd,* 813 F.2d 884 (8th Cir.1987).

In this case, Wakefield presented evidence which indicated that approximately 397 employees, including 253 employees holding non-exempt positions, are black. *See* Pl. Ex. 1; Deft. Ex. N. In addition, she presented the testimony of twenty-five prospective class members, including twenty non-exempt employees, who indicated that they had claims substantially similar to her own. Based on the foregoing, the Court finds that Wakefield met her burden of demonstrating within a reasonable probability, either with respect to a class composed of both exempt and non-exempt employees or with respect to a class composed only of non-exempt employees, that "the class is so numerous that joinder of all members is impracticable." Rule 23(a). *See Ray v. Phelps Dodge Brass Co.,* 35 F.E.P. Cases 997 (N.D.Ala.1983) (proposed class representatives required to demonstrate the existence of at least 20 other employees with grievances similar to their own to satisfy numerosity requirement).

### (ii) *Commonality and Typicality*

The determination of whether there are "questions of law or fact common to the class" and of whether the claims of the class representative are "typical of the claims ... of the class" tend to merge. *General Telephone Co. v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370, n. 13,

72 L.Ed.2d 740 (1981). As the Supreme Court in *Falcon* observed, "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13.

As Wakefield points out, the commonality requirement may be met if a common issue pervades all the class members' claims. *Paxton v. Union National Bank,* 688 F.2d 552, 561 (8th Cir.1982). Indeed, it may be satisfied if " 'the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.' " *Paxton,* 688 F.2d at 561 (quoting *American Finance System, Inc. v. Harlow,* 65 F.R.D. 94, 107 (D.Md.1974)). Thus, across-the-board allegations of racial discrimination are often amenable to class action certification. *Falcon,* 457 U.S. at 157, 102 S.Ct. at 2370. Nevertheless, and consistent with the Supreme Court's opinion in *Falcon,* certification of class action suits alleging racial discrimination are not automatic. Relevant factors which a court may consider in determining whether the commonality requirement is met include (i) the nature of the employment practices charged, (ii) the uniformity or diversity of the employer's employment practices, (iii) the uniformity or diversity of the class membership, and (iv) the nature of the employer's management organization. *See Harriss v. Pan American World Airways,* 74 F.R.D. 24, 41 (N.D.Cal.1977).

The typicality requirement necessitates " 'a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff.' " *Paxton,* 688 F.2d at 562 (quoting *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir. 1977), *cert. denied,* 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977)). It may be satisfied " 'if the claims ... of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory.' " *Pax-*

*ton,* 688 F.2d 561 (citation omitted). Nevertheless, and again consistent with the Supreme Court's opinion in *Falcon,* the typicality requirement is not always satisfied by suits alleging broad-based racial discrimination. Relevant factors which a court may consider in determining whether a sufficient community of interests exists to make plaintiff's claim typical of the class he or she seeks to represent include a comparison between (i) plaintiff's employment situation and that of the prospective class members, (ii) the circumstances surrounding plaintiff's grievance and those surrounding the prospective class members' grievances, and (iii) the relief sought by plaintiff and that sought by the class. *See Harriss,* 74 F.R.D. at 42.

■ Based on the evidence presented at the class hearing, the Court concludes that Wakefield has satisfied the requirements of commonality and typicality with respect to the non-exempt employees she wishes to represent. Wakefield, a non-exempt employee, has demonstrated that a common issue, Monsanto's alleged institution of discriminatory pay and promotional policies, pervades all of the prospective non-exempt class members' claims. She has likewise demonstrated that other prospective non-exempt class members have the same or similar grievances as she has.

■ However, the Court concludes that Wakefield's claims fail the commonality or typicality requirements necessary to qualify her as a class representative for both prospective non-exempt and exempt class members. First, the interests inherent in Wakefield's status as a non-exempt employee render her an inappropriate representative of all exempt and non-exempt black employees at Monsanto's World Headquarters Site. *Gilchrist v. Bolger,* 733 F.2d 1551, 1554 (11th Cir.1984) (non-supervisory employee could not adequately represent a class of supervisory employees); *Sperling v. Donovan,* 104 F.R.D. 4 (D.D.C.1984) (supervisory and non-supervisory employees may not be placed in the same class). *See also Sheehan v. Purolator, Inc.,* 103 F.R.D. 641 (E.D.N.Y.1984)

(high level employee could not represent a broad class of employees in part because of a potential conflict of interest). Second, it cannot be assumed, and indeed the evidence adduced at the hearing belies such an assumption, that the policies and procedures Monsanto applies to employment decisions are common to both exempt and non-exempt employees. *See Sheehan, supra* (high level employee could not represent a broad class of employees in part because the named plaintiff had not shown that the same practices and criteria had been applied to both high-level and low-level employees). Third, Wakefield's failure to achieve an exempt-level position and a comparatively high-level salary due to Monsanto's allegedly discriminatory policies and practices belies the typicality of her claims when compared with the claims of those who have been granted such opportunities. In short, Wakefield has not demonstrated that her claims and the prospective exempt class members' claims "are so interrelated that the interests of the class members will be fairly and adequately protected...." *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13.

### (iii) *Adequacy of Representation*

The determination of whether a plaintiff may "fairly and adequately protect the interests of the class" involves a two-fold inquiry. The Court must determine whether: "(1) the class representatives have common interests with members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton,* 688 F.2d at 562 (citations omitted).

The Court finds that Wakefield has met her burden of satisfying the adequacy of representation requirement with respect to prospective non-exempt class members but not with respect to prospective exempt class members. Under the first prong of the Court's inquiry, the Court finds that, although Wakefield has common interests with non-exempt employees, she does not have common interests with exempt employees. Simply stated, and for the reasons set forth in Part C(ii) of this memorandum, the Court concludes that Wakefield's

status as a non-exempt employee presents an inherent conflict of interest in her proposed representation of exempt employees.

█ Under the second prong of the Court's inquiry, however, the Court concludes that Wakefield has demonstrated that she will vigorously prosecute the interests of the class through qualified counsel. At the class hearing, Wakefield demonstrated, both through her initiative in persuading prospective class members to testify and through the testimony of the prospective class members, that she is willing to be an active representative on behalf of the class and that the prospective class members have confidence in her representation. In addition, she demonstrated that her attorneys are "qualified, experienced, and generally able to conduct the proposed litigation." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1769.1 (1986). The prospective class members testified as to their confidence in Wakefield's attorneys. Moreover, and as indicated by plaintiff's Exhibit 27 which provides a partial listing of the class actions they have handled, Wakefield's attorneys have shown that they have considerable "experience in the field in which the suit [is] brought." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1769.1 (1986).

### (iv) *Rule 23(b)*

Wakefield requests the Court to sever the liability and damage phases of the litigation and to certify the liability phase as a Rule 23(b)(2) class action and, if the Court finds liability, to certify the damage phase as a Rule 23(b)(3) class action. Such a request follows the recommended procedure of the Supreme Court and will be granted. *See International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 360–62, 97 S.Ct. 1843, 1867–68, 52 L.Ed.2d 396 (1981).

Rule 23(b)(2) provides that a class action is appropriate when "the party opposing the class has acted or has refused to act on grounds generally applicable to the class" and the representative is seeking "final

injunctive relief or corresponding declaratory relief." As to the liability phase of the litigation, the Court finds that Wakefield has satisfied the requirements of Rule 23(b)(2).

## ORDER

Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that plaintiff's motion for class certification be and it is granted in part and denied in part.

IT IS FURTHER ORDERED that a class be and it is conditionally certified under Rule 23(b)(2) for the liability phase of this action. The class so certified shall be defined as follows:

All black "non-exempt" employees employed by defendant, at all St. Louis facilities of defendant Monsanto Company, who have been and continue to be discriminated against by reason of race, in receiving lower pay, lower increases in pay, and fewer and less frequent promotions.

As the parties have failed to indicate to the Court the appropriate time-frame governing the inclusion of class members,

IT IS FURTHER ORDERED that, within ten (10) days from the date of this Order, plaintiff and defendant shall submit written memoranda on the issue of no more than four (4) pages in length.

In light of the foregoing,

IT IS FURTHER ORDERED that plaintiff's motion to compel answers to second class interrogatories and to compel production of documents responsive to class plaintiff's third motion for production of documents, and to expedited fourth request for production of documents be and it is denied.